Jasen, J.
This is an action to recover the reasonable value of legal services performed by plaintiff as attorney for the Planning Board of the Town of Huntington in litigation instituted against the Planning Board by the Town Board of Huntington.
The Town Board, in January, 1969, commenced an article 78 proceeding to prohibit the Planning Board and the Chairman it designated from interfering with the person named by the Town Board to sit on said Planning Board, and to require the Planning Board to recognize that person as Chairman. This lawsuit was the culmination of a dispute that had been continuing for more than a year between these two agencies of the town as to which agency had the power to appoint a Chairman of the Planning Board. In this litigation, the Town Attorney of the Town of Huntington represented the Town Board. Consequently, the Planning Board concluded that the Town Attorney, who usually handled the Planning Board’s litigation, could not, under the circumstances, also represent the Planning Board. Thereupon, the Planning Board duly adopted a resolution retaining plaintiff to act as its attorney in the lawsuit instituted by the Town Board.
Plaintiff, in addition to filing an answer to the Town Board’s petition, interposed a counterclaim on behalf of the Planning Board, in which it was alleged that the Town Board had usurped the management and supervision of the planning staff by transferring the budgetary appropriation for the Planning Board to the control of the Town Board. Supreme Court, Suffolk County, sustained the Town Board as to its authority to name the Chairman of the Planning Board, but ruled, on the counterclaim, in favor of the Planning Board, directing the Town Board to return to the Planning Board the supervision, control and management of the planning staff and planning department.[1]
Several months later, plaintiff submitted statements in the amount of $3,462 to the Planning Board for the services rendered the Planning Board in the article 78 proceeding. The Planning Board then adopted resolutions approving the payment of the amount billed. When the Town of Huntington failed to authorize the payment of the claim, after it was filed with the Town Comptroller, plaintiff instituted this action against the Town *454 of Huntington. Special Term granted summary judgment in favor of the plaintiff and, following an assessment of damages, entered a judgment of $3,462. Upon appeal from both the order and judgment, a divided Appellate Division affirmed, without opinion.
The issue thus presented on this appeal is whether the Planning Board was authorized to employ private legal counsel to represent it respecting the litigation between it and the Town Board.[2] The town contends, relying on section 65 (subd. 1) of the Town Law[3], that since the plaintiff was not retained by the Town Board, nor was the Planning Board authorized by the Town Board to retain him, the Planning Board had no authority to bind the Town Board for the payment of legal fees. Plaintiff, on the other hand, concedes that the statute does not specifically confer upon the Planning Board the right to employ counsel, but argues that the Planning Board possesses implied authority to employ special counsel, under the circumstances present here.
It is well-settled law that an attorney may not be compensated for services rendered a municipal board or officer unless he has been retained in accordance with statutory authority. (Seif v. City of Long Beach, 286 N. Y. 382; Lyddy v. Long Is. City, 104 N. Y. 218; Konnoson v. City of New York, 254 App. Div. 378, affd. 281 N. Y. 716; People ex rel. French v. Town, 1 App. Div. 127; Ann. 2 A. L. B. 1212; 56 Am. Jur. 2d, Municipal Corporations, § 279.) In other words, the power to employ counsel by
*455 a municipal board or officer is not deemed to be incidental to such board or officer. Bather, express authority, either by statute or by appropriate resolution of the governing body, must be shown to justify the retention of an attorney by a municipal board or officer. (Matter of Kay v. Board of Higher Educ. of City of N. Y., 260 App. Div. 9; Reynolds v. Village of Ossining, 102 App. Div. 298; People ex rel. Sherrill v. Guggenheimer, 47 App. Div. 9; see, also, 10 McQuillin, Municipal Corporations [1966 ed.], § 29.16, pp. 280-281.) The salient purpose underlying this rule is, of course, to ensure responsible municipal government. Not only is it designed as a safeguard against the extravagance or corruption of municipal officials, as well as against their collusion with attorneys (cf. Seif v. City of Long Beach 286 N. Y. 382, supra, at pp. 387-388; Dickinson v. City of Poughkeepsie, 75 N. Y. 65, 74—75; McDonald v. Mayor of City of N. Y., 68 N. Y. 23, 28-29), but also, to prevent confusion and contradiction in the direction of the municipality’s litigation (cf. Matter of Collins v. Village of Saratoga Springs, 70 Hun 583, affd. 140 N. Y. 637; Adee v. Arnow, 91 Hun 329).
Notwithstanding lack of specific statutory authority, a municipal board or officer possesses implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with its or his official duties where the municipal attorney refused to act, or was incapable of, or was disqualified from, acting. (See, e.g., Matter of Fleischmann v. Graves, 235 N. Y. 84, 90-91; Matter of Hiscox v. Holmes, 239 App. Div. 602; Judson v. City of Niagara Falls, 140 App. Div. 62, affd. 204 N. Y. 630; see, also, Ann. 75 ALB 2d 1339, § 4, pp. 1348-1350; cf. Rockefeller v. Taylor, 69 App. Div. 176.) This authority is necessarily implied in order to enable the board to effect the purposes of its creation and to allow it to properly function. (Matter of Fleischmann v. Graves, supra, at p. 91; cf. 10 McQuillin, Municipal Corporations, § 29.11, pp. 257-258.) It should be abundantly clear that in view of the stringent requirements that must be satisfied, the policy underlying the general rule of express authority is certainly not compromised by this exception.
Under the facts and circumstances of the case before us, we conclude that the Planning Board had implied authority to *456 engage the services of an attorney for which the Town Board should he held liable. In the article 78 proceeding instituted by the Town Board against the Planning Board[4], the Huntington Town Attorney represented the Town Board. He could not, therefore, under the circumstances, represent the Planning Board. The only possible recourse for the Planning Board was to employ special counsel, which it did. Only in this manner could the legal issues raised in said proceeding be properly resolved.
Section 65 (subd. 1) of the Town Law did not negative this implied authority of the Planning Board to employ counsel. The thrust of this section is to place the burden of the prosecution of actions by a town or its officers against a third party and the defense of actions brought against the town or its officers by a third party upon the judgment and direction of the Town Board. (Of. Matter of O’Hara v. Harwood, 251 App. Div. 612; Rockefeller v. Taylor, 69 App. Div. 176, supra-, People ex rel. McMillen v. Vanderpoel, 35 App. Div. 73; Adee v. Arnow, 91 Hun 329, supra.) The statute certainly does not apply to litigation between two town officers or boards concerning the proper performance of their duties. If it did, a situation would be created in which the Town Board could prevent the board it sued from engaging counsel. We should not, of course, ascribe to the Legislature an intent to have such a result ensue. (Matter of Clark v. Smith, 250 App. Div. 233, 236-237, affd. 276 N. Y. 473; Barry v. City of New York, 175 Misc. 712, 714, affd. 261 App. Div. 957; McKinney’s Cons. Laws of N. Y., Book 1 Statutes, §§ 141, 143, 145, 146; of. Matter of Irwin v. Board of Regents, 27 N Y 2d 292, 296-297.)
Accordingly, the order appealed from should be affirmed, with costs.
Judges Burke, Scileppi, Bergan and Breitel concur with Judge Jasen; Chief Judge Fuld and Judge Gibson dissent and vote to reverse on the dissenting opinion at the Appellate Division.
Order affirmed.

. No appeal was perfected from this determination.

. The Town of- Huntington does not challenge the amount of the award of damages.

. “ § 65. Actions and proceedings by and against towns.
“ 1. Any action or special proceeding for or against a town, or for its benefit, and upon a contract lawfully made with it, or with any of its officers or agents authorized to contract in its behalf, or to enforce any liability created,, or duly enjoined upon it, or upon any of its officers or agents for which it is liable, or to recover damages for any injury to any property or rights for which it is liable, shall be in the name of the town. The town board of any town may authorize and direct any town officer or officers to institute, defend or appear, in any action or legal proceeding, in the name of the town, as in its judgment may be necessary, for the benefit or protection of the town, in any of its rights .or property. It shall be the duty of any officer or officers so authorized and directed to institute said action or legal proceeding or to defend or appear therein, and the reasonable and necessary expense of such action or proceeding, or defense or appearance shall be a town charge. No such officer or officers, however, shall employ legal counsel except as directed by the town board."

. It should be noted that there is no showing that the lawsuit, which raised an issue important to the town, was brought about owing to the Planning Board’s bad faith or malice in the performance of its official duties. To the contrary, that the Planning Board acted in good faith is not questioned.