Hon. Stephen A. Stasack Town Attorney, North Greenbush
This is in response to your letter of August 21, 1978, wherein you ask if a town board may authorize the expenditure of town funds to retain private counsel to defend the Town Highway Superintendent against charges of having made defamatory statements at a town board meeting.
Town Law, § 20, subdivision 2-a, authorizes the town board of every town to establish the office of town attorney and further provides that "the town board of any such town may employ counsel to the town attorney in respect to any particular subject matter, proceeding or litigation * * *." A town attorney appointed pursuant to this section is a town officer.
Town Law, § 65, subdivision 1, provides as follows:
 "1. Any action or special proceeding for or against a town, or for its benefit, and upon a contract lawfully made with it, or with any of its officers or agents authorized to contract in its behalf, or to enforce any liability created, or duly enjoined upon it, or upon any of its officers or agents for which it is liable, or to recover damages for any injury to any property or rights for which it is liable, shall be in the name of the town. The town board of any town may authorize and direct any town officer or officers to institute, defend or appear, in any action or legal proceeding, in the name of the town, as in its judgment may be necessary, for the benefit or protection of the town, in any of its rights or property. It shall be the duty of any officer or officers so authorized and directed to institute said action or legal proceeding or to defend or appear therein, and the reasonable and necessary expense of such action or proceeding, or defense or appearance shall be a town charge. No such officer or officers, however, shall employ legal counsel except as directed by the town board."
The power of the town board to retain private counsel to defend the Town Highway Superintendent is not incidental to the town board, but rather, requires express authority as provided in Town Law § 20, subdivision 2-a. In addition, a town board possesses implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with its official duties where, because of a conflict of interest, the town attorney refuses to act, or is incapable of, or is disqualified from, acting (Cahn v. Town ofHuntington, 29 N.Y.2d 451, 455 [1972]; 1974 Atty Gen [Inf Opns] 95).
In the situation you have described, you believe that a conflict of interest exists between your representation of the Town and the Town Highway Superintendent, individually. Since said Superintendent is an elected officer and the allegedly defamatory remarks were made at an official town meeting, he would be entitled to be represented by the Town. Your decision not to defend the Superintendent does not preclude him from receiving such representation. Rather, under Town Law, §20, subdivision 2-a, the Town Board could employ private counsel to represent the Town Highway Superintendent.
From all of the foregoing, we conclude that a town board may authorize the expenditure of town funds to retain private counsel to defend the Town Highway Superintendent against charges of having made defamatory statements at a town board meeting.