FRANK DUCI, Individually and as Mayor of the City of Schenectady, Appellant, v DAVID W. ROBERTS et al., Constituting the City Council of the City of Schenectady, et al., Respondents.

Third Department, November 30, 1978

### APPEARANCES OF COUNSEL

*Borst, Smith & Tocker (Paul H. Tocker* of counsel), for appellant.

*George D. Braden, Corporation Counsel,* for respondents.

### OPINION OF THE COURT

SWEENEY, J.

The facts are not in dispute. From 1936 to 1976 the City of Schenectady had an ordinance which empowered the Mayor to

appoint standing committees. On January 1, 1976, there was a change in the political composition of the city council with the Mayor a member of the minority party. With this shift in political control, the new majority amended the ordinance in question by a majority vote. As amended, the ordinance provided that the leader of the council majority rather than the Mayor would appoint members of standing committees if the Mayor was not a member of the majority. This action for declaratory judgment was thereafter commenced seeking a declaration that the action of the city council was invalid. Special Term found to the contrary and this appeal ensued.

Petitioner contends that the city council's action violated section 40 of the Second Class Cities Law and subdivision (d) of section 2-26 of article 2 of chapter II of the Code of Ordinances of the City of Schenectady, since both require a three-fourths vote to regulate by ordinance the powers and duties of the city offices or departments. Petitioner also contends the action violated section 23 (subd 2, par f) of the Municipal Home Rule Law which requires that a local law be subject to mandatory referendum if it abolishes, transfers or curtails any power of an elected officer.

Initially, we disagree with Special Term's reliance on *Matter of Grady v Mayor of City of Yonkers* (32 AD2d 961). While *Grady* did hold that section 40 of the Second Class Cities Law was superseded by section 20 of the Municipal Home Rule Law, an examination and analysis of the various statutes involved, together with the legislative history of the City of Schenectady, leads us to conclude that section 20 pertains to local laws and not to an ordinance as does section 40, and, furthermore, that the Optional City Government Law governs the questioned action in the instant case (L 1914, ch 444).

Chapter 444 of the Laws of 1914 created a method whereby cities could elect to be governed under various forms and the record reveals that the City of Schenectady selected Plan C which is contained in article V of said laws. Pursuant to article V and more specifically, sections 36 and 37 of said statute, the city council was given the power by a majority vote to reorganize the city government. Section 37 became section 8.33 of the Schenectady City Charter, and further provided that once a city opts for one of the optional plans, the council has the power "subject to the provisions of this act" to reorganize by ordinance its government by transferring and regulating powers and duties of any officer or em-

58

ployee. Pursuant to section 8 of the Optional City Government Law, section 40 of the Second Class Cities Law, insofar as it was inconsistent with the provisions of the Optional City Government Law, was superseded thereby. Consequently, in our view, the Optional City Government Law controls and the council's enactment by a majority vote was valid. This is so even though the Optional City Government Law was later repealed (L 1939, ch 765, § 1). We also reject petitioner's contention that subdivision (d) of section 2-26 of article 2 of chapter II of the Schenectady Code of Ordinances requires a three-fourths vote of the council. Concerning petitioner's argument that the passing of the ordinance in question violated section 23 of the Municipal Home Rule Law, we are of the opinion that said section is inapplicable in the present case.

The judgment should be affirmed, without costs.

GREENBLOTT, J. P., KANE, STALEY, JR., and HERLIHY, JJ., concur.

Judgment affirmed, without costs.