Hon. John M. Sheridan County Attorney, Penn Yan
This is in reply to your letter of July 20, 1979, in which you seek this office's opinion as to whether you, as Yates County Attorney, are obligated, when requested by the Sheriff of Yates County, to represent the Sheriff, as petitioner, in an Article 78 proceeding against the Yates County Civil Service Commission. You state that the Sheriff of Yates County is in disagreement with an eligibility list prepared by the County Civil Service Commission of persons certified as eligible for appointment by the Sheriff to positions as Correction Officers. You further state that it is your opinion that both the Sheriff and the members of the County Civil Service Commission are officers whose compensation is paid from County funds.
County Law, § 409, subd. 1, provides that:
 "No officer whose compensation is paid from county funds shall employ an attorney-at-law to appear and prosecute or defend any civil action or proceeding brought by or against him in an official capacity whenever under the provisions of this chapter or other law it is made the duty of the district attorney or county attorney to prosecute or defend the same."
County Law, § 501, subd. 1, provides, in part, that:
 "* * * The county attorney shall prosecute and defend all civil actions and proceedings brought by or against the county, the board of supervisors[*] and any officer whose compensation is paid from county funds for any official act, except as otherwise provided by this chapter or other law."
Under normal circumstances, where there is no local law to the contrary and where there is no conflict which would require disqualification of the County Attorney, the County Attorney would represent the County Civil Service Commission in all civil actions and proceedings where the Civil Service Commission is a party (1974 Op Atty Gen [Inf] 77), and the Civil Service Commission would not be authorized to employ any other attorney (1976 Op Atty Gen [Inf] 185). The same rule would generally apply to civil actions and proceedings by or against a County Sheriff under the same circumstances (13 Op State Compt [1957] 274).
A County Attorney could not, of course, represent all parties in the same proceeding. County Law, § 501, subd. 2, provides that:
 "Whenever the interests of the board of supervisors or the county are inconsistent with the interests of any officer paid his compensation from county funds, the county attorney shall represent the interests of the board of supervisors and the county. In such case the officer may at his own expense employ an attorney at law." (Emphasis added.)
Where a county board of supervisors institutes a civil proceeding against a county officer whose compensation is paid by County funds, it is thus clear that the County Attorney would, unless there were some other conflict of interest, represent the board of supervisors. The facts which you presented to this office, however, involve a situation where different officers compensated from the funds of the same county have adverse interests. You have suggested that under these circumstances, perhaps, the County Sheriff should request a resolution from the Yates County Legislature directing the County Attorney to prosecute the proceeding on behalf of the Sheriff.
While county sheriffs are elected by the electors of the counties where they hold office (New York State Constitution, Article XIII, § 13), the members of a County Civil Service Commission are appointed by, or with the advice and consent of, the County Board of Supervisors (Civil Service Law, § 15, subd. 1, par [a]). It is, therefore, the opinion of this office that the County Attorney should not presume that the interests of the County Civil Service Commission are inconsistent with the interests of the County Board of Supervisors or the County, unless the Board of Supervisors passes a resolution stating that the interests of the Board of Supervisors are the same as the interests of the County Sheriff.
You further suggest that if the Yates County Legislature failed to pass a resolution directing you to prosecute the proceeding on behalf of the Sheriff, the Sheriff would be free to employ an attorney to prosecute the proceeding at County expense. You have not requested the opinion of this office regarding the right of the Sheriff to employ an attorney at County expense, and this office expresses no opinion as to whether the County would be required to pay an attorney hired by the Sheriff under such circumstances.
However, your attention is directed to the last sentence of section 501, subd. 2, of the County Law which covers situations where the interests of a county officer are inconsistent with those of the Board of Supervisors and states that:
 "* * * In such case the officer may at his own expense employ an attorney at law."
It is noted that where there is no express authority, either by statute or appropriate resolution of the County Board of Supervisors, county officers may still have implied authority to employ counsel under certain circumstances where their interests are inconsistent with those of the Board of Supervisors, but only when the attorney is employed in the good faith prosecution or defense of an action undertaken in the public interest and in conjunction with the county officer's official duties (Cahn v Town of Huntington, 29 N.Y.2d 451, 455 [1972]). This office cannot advise you whether the situation here is one where the above criteria are met.
In answer to your specific question, it is the opinion of this office that a County Attorney should not represent the County Sheriff in an Article 78 proceeding against the County Civil Service Commission unless specifically directed to do so by appropriate resolution of the County Board of Supervisors.
* Pursuant to County Law, § 150-a, any reference in the County Law to the Board of Supervisors also includes elected county legislatures by whatsoever name designated.