■ In the Matter of DOMINICK VICCHIULLO, SR., et al., Respondents, v ARTHUR SOUDANT et al., Appellants. — In a proceeding brought pursuant to CPLR article 78 and converted to an action for a declaratory judgment, the appeal is from as much of a judgment of the Supreme Court, Orange County (O'Gorman, J.), dated March 12, 1981, as awarded petitioners counsel fees in the amount of $1,950. Judgment reversed insofar as appealed from, on the law, with $50 costs and disbursements, and application for legal fees is denied. In *Cahn v Town of Huntington* (29 NY2d 451, 455) "[t]he Court of Appeals directed recovery of legal fees to the attorney because the planning board possessed 'implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with its * * * official duties where the municipal attorney refused to act, or was incapable of, or was disqualified from acting' * * * There is, of course, no issue here of the extent of the powers or duties of a public officer or board" (*Leo v Barnett,* 48 AD2d 463, 465-466). Upon passage by the appellants (the members of the Town Board of the Town of Greenville) of the resolution abolishing the town planning board, the board ceased to exist. Thus, where a proceeding to review that resolution was commenced by petitioners, who are four members of the dissolved board, such proceeding was brought by petitioners as individuals and not in any official capacity. Therefore, the trial court's award of counsel fees based upon the *Cahn* rationale was improper. As there is no other basis upon which the award could be based, the judgment must be reversed insofar as appealed from. Gibbons, J. P., Thompson, Rubin and Boyers, JJ., concur.