Edward W. Doyle, Esq. Town Attorney, Philipstown
You have asked whether a town Recreation Commission may contract with an attorney to research a question of law, having previously received an opinion on this question from the town attorney.
The town board of any town may establish the office of town attorney and may appoint deputies to the town attorney (Town Law, § 20[2][a]).*
In addition, a town board may employ counsel to the town attorney regarding any particular subject matter, proceeding or litigation (ibid.). The town board of any town that has not established the office of town attorney may employ an attorney to provide the town with such professional service and advice as is required (id., § 20[2][b]). We believe, moreover, that a town with the office of town attorney, by local law enacted by the town board, may supersede this provision to authorize an officer, board or commission of town government to employ an attorney or contract for legal services in furtherance of a proper town function (Municipal Home Rule Law, § 10[1][ii][d][3], § 10[1][ii][a][1]). No officer or officers of a town may employ legal counsel in instituting or defending an action on behalf of the town except as directed by the town board (Town Law, § 65[1]).
Thus, it seems clear that the office of town attorney is responsible for providing legal services to officers and agencies of town government, except in a case where the town board or a statute has expressly authorized an officer or agency to employ an attorney or contract for legal services (see Seif v City of Long Beach, 286 N.Y. 382 [1941]; andCahn v Town of Huntington, 29 N.Y.2d 451 [1972]). "The power to employ counsel by a municipal board or officer is not deemed to be incidental to such board or officer. Rather express authority, either by statute or by appropriate resolution of the governing body, must be shown to justify the retention of an attorney by a municipal board or officer" (Cahn v Town ofHuntington, supra, pp 454-455). We believe that where the town board has the authority to authorize such legal services, it may subsequently ratify an unauthorized provision of such services and create a legal liability for the town to pay for the services (Seif v City of LongBeach, supra, pp 386-387).
Notwithstanding the absence of specific authority, a municipal board or officer possesses implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with its or his official duties where the municipal attorney refuses to act, is incapable of acting, or is disqualified from acting (Cahn v Town of Huntington, supra). For example, where there is litigation between the town board and another town department, the town attorney would represent the board, thereby forcing the other department to seek outside counsel. In the absence of these circumstances or specific authority by statute or by the town board authorizing the provision of legal services, there is no legal liability for a town to pay for such services (Seif v City of Long Beach, supra).
While a Recreation Commission may employ persons (General Municipal Law, § 244), there is no statutory provision expressly authorizing a contract for legal services. In the absence of action by the town board permitting such a contract and absent circumstances that would prevent the town attorney from assisting, the commission would be unauthorized to enter into such a contract and there would be no legal liability for the town to pay for the provision of the services.
We conclude that a town Recreation Commission must receive legal services through the town attorney's office, unless the town board authorizes the commission to employ an attorney or contract for legal services and except in a case where the town attorney is disqualified from acting.
* While certain towns of the second class are not authorized to appoint deputies, we are of the opinion that since the provision of section 20(2)(a) dealing with the appointment of deputies is not a general law (Municipal Home Rule Law, § 2[5]), any town is authorized to enact a local law providing for the appointment of deputies to the town attorney (Municipal Home Rule Law, § 10[1][ii][a][1]). (Municipal Home Rule Law, § 10[1][ii][d][3] is additional authority to supersede this provision.)