John A. Costa, Esq. Town Attorney, Clarkston
I am writing in response to your request for an Attorney General's opinion as to whether a town may reimburse a litigant for legal fees expended in a suit against the town to recover for services rendered.
As stated in your letter, in 1983 the town board of the Town of Clarkston authorized payment of the sum of $2,105.34 to the secretary of the Clarkston zoning board of appeals for the preparation of certain transcripts required for litigation purposes. The secretary to the zoning board is also employed by the town, on a full time basis, as a secretary in the town building department. Payment was authorized by the town board in accordance with the long-standing practice whereby the secretary to the zoning board was paid for such transcripts prepared while working at home apart from her regular working hours. The town supervisor refused to make payment on the vouchers submitted for the transcription, alleging that the payments were illegal because of the secretary's status as a full time town employee.
The secretary brought suit against the town, seeking recovery for the value of her services. The town board did not support the supervisor's actions, and as a consequence did not provide an attorney for his defense. The secretary retained a private attorney to represent her. Subsequently, the Supreme Court of Rockland County determined that the secretary was entitled to payment for the transcription as approved by the town board. The claimed amounts have been paid. The attorney for the secretary is now seeking an appropriation by the town board on behalf of his client for legal fees in the amount of $2,500 representing the amount incurred by the secretary in her suit against the supervisor. You have asked whether the town board may properly authorize payment to the secretary in the amount claimed for her legal fees.
Section 65 of the Town Law is the source of the town board's power to institute legal actions and provide for the payment of legal fees:
 "The town board of any town may authorize and direct any town officer or officers to institute, defend or appear, in any action or legal proceeding, in the name of the town, as in its judgment may be necessary, for the benefit or protection of the town, in any of its rights or property. It shall be the duty of any officer or officers so authorized and directed to institute said action or legal proceeding or to defend or appear therein, and the reasonable and necessary expense of such action or proceeding, or defense or appearance shall be a town charge" (Town Law, § 65[1]).
By its terms, section 65 is intended to allow the town board to authorize its officers to bring lawsuits on behalf of the town, and to provide for the reimbursement, or assumption of the expense of those suits (see, e.g., Cahn v Town of Huntington, 29 N.Y.2d 451 [1972]; 1983 Op Atty Gen [Inf] 130). This section does not give the town board the authority to reimburse a person who performs services for the town for the legal fees expended in recovering payment for those services nor is the authority implicit in the statute's language. Here, there was no authorization by the town board under section 65 to bring the lawsuit on behalf of the town. Indeed, the action was to recover from the town compensation for services. The provisions found in section 65 of the Town Law, therefore, do not appear to provide any basis for the recovery of legal fees.
Traditionally, in the absence of a statutory or contractual authorization, a party to a lawsuit cannot recover his or her attorney's fees as part of the costs of the action (Hall v Cole, 412 U.S. 1, 4-5
[1973]; Grand Union Co. v Cord Meyer Development Co., 761 F.2d 141 [2d Cir, 1985]). The plaintiff secretary, therefore, is without a legal remedy to recover the expense of her action against the town. Generally, the payment by a municipality to an individual in the absence of a legal right of recovery is a violation of the constitutional prohibition against gifts and loans (NY Const, Art VIII, § 1; Warner v Board ofEducation of City of N.Y., 14 A.D.2d 300 [1st Dept, 1961], affd12 N.Y.2d 924 [1963]; Matter of Antonpoulou v Beame, 32 N.Y.2d 126,130-131 [1973]).
An exception to this general prohibition exists for so-called "moral or equitable" claims against a municipality. There is no exact standard for determining when a payment for moral or equitable claims is appropriate. As stated in Ausable Chasm Co. v State (266 N.Y. 326, 331 [1935]):
 "None the less, in every case there must exist an obligation which would be recognized, at least, by men with a keen sense of honor and with real desire to act fairly and equitably without compulsion of law. The Constitution does not prohibit the Legislature from doing in behalf of the State what a fine sense of justice and equity would dictate to an honorable individual. It does prohibit the Legislature from doing in behalf of the State what only a sense of gratitude or charity might impel a generous individual to do."
As noted in Rochester v Chiarella (98 A.D.2d 8 [4th Dept, 1983]), the question of whether the payment of moneys by a municipality constitutes a moral obligation or equitable claim, rather than a simple gift or gratuity is not reducible to a precise formula; each case must be decided on the basis of its own facts (98 A.D.2d at 11). Chiarella also noted that no moral obligation can arise when there is no benefit to the municipality (see Matter of Chapman v City of New York, 168 N.Y. 80
[1901]) or where there is no legal liability for services and where none were performed (see Matter of Mullane v McKenzie, 269 N.Y. 369 [1936]).
Thus, under the circumstances you have presented, the town may satisfy a request for payment of reasonable legal fees only if the town board finds that a moral obligation exists and authorizes the payment.
We conclude that if the town board finds that it has a moral obligation to pay the legal fees of a person hired by it to perform legal services, who must sue the town to recover payment for those services, such an expenditure for reasonable fees may be authorized.