Joseph Jacobs, Esq. Corporation Counsel, Amsterdam
You have asked whether an amendment to the city charter affecting the duties of the city attorney, who is appointed by the mayor, would diminish or curtail the power of the mayor to appoint this officer and thus be subject to a mandatory referendum.
A city is authorized to enact local laws revising its city charter (Municipal Home Rule Law, § 10[1][c][1]). A local law abolishing, transferring or curtailing a power of a local officer is subject to a mandatory referendum (id., § 23[2][f]). The amendment to the city charter deletes language to the effect that the city attorney "shall represent the city in all legal proceedings" and would substitute the following:
 "In no instance, shall the city attorney, counsel to him or any other city attorney represent a city officer or employee in any legal action taken against that officer or employee resulting from a resolution of the Common Council."
The effect of this amendment on the powers of the city attorney is not clear. In any event, as a matter of policy, this office does not construe local enactments such as city charter provisions. These are matters for determination by local officials familiar with the local legislative history. We will, however, provide you with some general guidelines.
If the effect of the amendment to the charter is to reduce substantially or transfer the powers of the city attorney, we believe a legitimate argument can be made that this in turn would reduce or curtail the powers of the mayor to appoint a city attorney with the powers currently designated in the city charter. In the extreme case, such an amendment could serve as a ruse permitting the legislative body to substitute its own choice for provision of legal services to the city.
On the other hand, if the impact of the amendment is only to state that in the event of litigation authorized by the city council against another city officer, the city attorney may not represent both parties to the lawsuit, this may do no more than state the common law rule that would pertain in any event. Where there is litigation between two municipal officers or boards concerning the proper performance of their duties, the municipal attorney would obviously be disqualified from acting on behalf of both parties to the lawsuit (Cahn v Town of Huntington, 29 N.Y.2d 451
[1972]). In this case, the party not represented by the municipal attorney has implied authority to employ counsel at municipal expense to defend what he believes was the proper performance of his duties (ibid.). Once again, we cannot construe your charter to determine whether under these circumstances the city attorney is responsible for representing the common council or the officer defending the lawsuit.
We conclude that a substantial reduction of the powers of the city attorney, an officer appointed by the mayor, would curtail the powers of the mayor and be subject to a mandatory referendum. A determination, however, as to whether an amendment to the city charter causes this result is beyond the scope of this opinion.