In the Matter of LARRY R. WILSON et al., Constituting the Allegany County Board of Elections, Appellants, v ALLEGANY COUNTY et al., Respondents.—Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: Under the facts and circumstances of this case, petitioners had implied authority to hire outside legal counsel and Supreme Court abused its discretion in denying petitioners' application for reasonable attorney's fees (*see, Cahn v Town of Huntington,* 29 NY2d 451). Petitioners, as Commissioners of the Allegany County Board of Elections, are members of a municipal board or officers (NY Const, art II, § 8) which has the statutory

authority to establish the salaries of Board of Elections employees within the amounts appropriated by the local legislative body (Election Law § 3-300). Furthermore, this proceeding was commenced in good faith as evidenced by petitioners' success on the merits. In addition, the proceeding was undertaken in the public interest in conjunction with the petitioners' official duties as Commissioners of the Board of Elections to resolve a disputed issue whether the County Board of Legislators or the County Board of Elections has the authority to set the salaries of deputy commissioners of the Board of Elections. Finally, it is undisputed that the County Attorney had a conflict of interest that precluded him from representing petitioners in this proceeding and had advised them that, pursuant to statute, he was required to represent the County and they should obtain outside legal counsel. Given these factors, we conclude that the Supreme Court erred in concluding that it was bound by the general rule that each party must bear its own counsel fees and in refusing, upon reconsideration, to exercise its discretion to grant petitioners' application for an award of reasonable attorney's fees *(see, Cahn v Town of Huntington, supra; Matter of Slominski v Rutkowski,* 91 AD2d 202, 212, *mod on other grounds* 62 NY2d 781). The matter must be remitted to Supreme Court for a hearing on the reasonable amount of petitioners' attorney's fees for prosecution of this proceeding as well as this appeal. (Appeal from Judgment of Supreme Court, Allegany County, Feeman, Jr., J. —Article 78.) Present—Dillon, P. J., Callahan, Denman, Green and Lowery, JJ.