■ In the Matter of JOHN C. ESPOSITO, Appellant, v TOWN OF FULTON PLANNING BOARD et al., Respondents.—Appeal from a judgment of the Supreme Court (Hughes, J.), entered January 23, 1992 in Schoharie County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Fulton Planning Board requiring petitioner to comply with the Town of Fulton's subdivision regulations.

Supreme Court properly dismissed the petition. Based upon the subdivision regulations of the Town of Fulton in Schoharie County, respondent Town of Fulton Planning Board determined that the sale to petitioner and his wife of an undeveloped 11-acre parcel out of a larger piece of property constituted a "subdivision" subject to its review and approval. Under the regulations a subdivision is defined as the "division of any parcel of land into two (2) or more lots, blocks, or sites". This regulation was enacted pursuant to Town Law § 276 which authorizes a town planning board to approve subdivision plats. The statute does not define the term "subdivision". Petitioner claims that the statute was intended to apply only to developers intending to sell lots to the public. He argues that the regulation is invalid because the regulation includes those who, like himself, have no intention of developing the property. Even if it is accepted that petitioner does not intend to develop the land, his argument is nevertheless rejected. The Town was authorized to define the term "subdivision" and it has previously been decided that a definition such as we have here is valid (see, Delaware Midland Corp. v Incorporated Vil. of W. Hampton Beach, 79 Misc 2d 438, affd on opn below 48 AD2d 681, affd on opn below 39 NY2d 1029; see also, Ronning v Thompson, 126 Misc 2d 761). Petitioner's attempts to distinguish his case from the circumstances found in Delaware Midland Corp. v Incorporated Vil. of W. Hampton Beach (supra), as well as his remaining contentions, have been examined and found unpersuasive.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.