■ In the Matter of NIAGARA COUNTY CIVIL SERVICE COMMISSION, by R. J. MOOSE, as Chairman, et al., Appellants, v COUNTY OF NIAGARA, Respondent. [629 NYS2d 597] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly denied petitioners' requests for a permanent injunction restraining respondent from interfering with the operations of petitioner Niagara County Civil Service Commission (Commission) and for judgment directing respondent to restore petitioner Stuart Shepard to the positions of Human Resource Director and Secretary to the Commission. County Law § 204, in conjunction with County Law § 150-a, empowers County Legislatures "to establish positions of employment and * * * abolish the same." Thus, by adopting Resolution 309-93, respondent lawfully abolished the paid position of Secretary to the Commission and created the position of Director of Human Resources. That resolution provides that the Director of Human Resources shall also act as Secretary to the Commission. Respondent does not contend that the Commission must appoint the Director of Human Resources to act as Secretary but contends that the Commission can either use the Director of Human Resources as its Secretary or perform its tasks without one. Respondent further contends that the Commission has no authority to create the paid position of Secretary. We agree. Our conclusion is consistent with Niagara County Civil Service Rule II, which provides that the Commission may appoint a Secretary "and such other subordinates and employees *within available appropriations*" (emphasis added).

We further conclude, however, that the court erred in denying the Commission's request for counsel fees and disbursements. The Commission commenced this proceeding in its official capacity pursuant to Civil Service Law § 102 (3) asserting that respondent acted unlawfully and illegally in adopting Resolution 309-93. The County Attorney was obligated to represent respondent and could not also represent the Commis-

sion (*see*, County Law § 501 [2]). The Commission thus had implied authority to retain outside counsel at respondent's expense (*see, Cahn v Town of Huntington*, 29 NY2d 451; *Matter of Wilson v Allegany County*, 175 AD2d 645; *cf., Moffatt v Christ*, 74 AD2d 635, *affd* 51 NY2d 806). We modify the judgment on appeal, therefore, by granting the request for counsel fees and disbursements, and we remit the matter to Supreme Court for determination of that amount and a hearing, if necessary. (Appeal from Judgment of Supreme Court, Niagara County, Mintz, J.—CPLR art 78.) Present—Denman, P. J., Green, Pine, Callahan and Davis, JJ.