Donald G. Nichol, Esq. Informal Opinion Town Attorney No. 97-41 Town of Blooming Grove P. O. Box 367 Walden, N Y 12586-0367
Dear Mr. Nichol:
You have asked whether representation by your law firm of the town board in an application before the town zoning board of appeals violates General Municipal Law § 805-a(1)(c).
You have informed us that your law firm has been appointed by the town board to provide legal services to the board and to other agencies of the town including the zoning board of appeals. The applicant in a matter before the zoning board of appeals has taken the position that your firm's representation of the town board to provide input regarding this matter is a violation of section 805-a(1)(c) of the General Municipal Law. That provision states that no municipal officer or employee may
 receive, or enter into any agreement, express or implied, for compensation for services to be rendered in relation to any matter before any municipal agency of which he is an officer, member or employee or of any municipal agency over which he has jurisdiction or to which he has the power to appoint any member, officer or employee . . . .
Generally, the office of town attorney is responsible for the provision of legal services to officers and agencies of the town, except where the town board or a statute expressly authorizes an agency or officer to employ separate legal counsel. Op Atty Gen (Inf) No. 83-37. A town may, in lieu of establishing the position of town attorney, contract for the provision of legal services. Op Atty Gen (Inf) No. 88-10. Your law firm is providing services by contract to the town board and other officers and agencies of the town.
In a prior opinion of this office, we found that while section805-a(1)(c) of the General Municipal Law does not expressly cover an independent contractor employed as a board's attorney, the representation of a private client by the contractor for compensation in an application before the board is a conflict of interests. Op Atty Gen (Inf) No. 93-36. We found that even though this representation may not violate section 805-a(1)(c), it is a violation of common law conflict of interests standards. Id.
As we found in our 1993 opinion, the purpose of section 805-a(1)(c) is to prohibit an officer, member or employee of a municipal agency from representing a private client for compensation before the agency he or she serves. The obvious intent of this provision is to avoid circumstances which may compromise the ability of the agency to make impartial decisions solely in the public interest. The risk of favoritism, overt or subconscious, is present. At least an appearance of impropriety would result if counsel to the agency appeared before it representing a private client for compensation.
In our view, however, your law firm's representation of the town board in providing input in the matter before the zoning board of appeals does not fall within the prohibition of section 805-a. Nor is it a common law conflict of interests. The town board has a right to provide input regarding a matter before the zoning board of appeals and the town attorney or the attorney or law firm providing legal services to the town by law represents the town board. Unlike representation of a private client before an agency of the town, representation of the town board is in the public interest. This representation does not fall within the legislative intent of the prohibition of section 805-a(1)(c). Id.
Obviously, your law firm cannot also represent the zoning board of appeals in this administrative proceeding. Notwithstanding any absence of statutory authority for the zoning board of appeals to obtain independent counsel, a municipal agency or board possesses implied authority to employ counsel in the public interest where the municipal or other attorney responsible for providing legal services refuses to act, is incapable of acting, or is disqualified from acting. Cahn v. Town ofHuntington, 29 N.Y.2d 451 (1972). Therefore, where your law firm represents the town board, the zoning board of appeals has implied authority to employ legal counsel to represent it in the matter.
We conclude that representation of the town board by the municipal attorney in a matter before the zoning board of appeals is not a violation of section 805-a(1)(c) of the General Municipal Law. The zoning board of appeals has implied authority to employ legal services regarding the matter.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions