■ MICHAEL J. BIFFER et al., Appellants, v CITY OF SARATOGA SPRINGS et al., Respondents. [719 NYS2d 729] —Cardona, P. J. Appeal from an order of the Supreme Court (Keniry, J.), entered August 5, 1999 in Saratoga County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Michael J. Biffer has been employed as the Building

Inspector of the City of Saratoga Springs in Saratoga County since 1978. For over 20 years, his office, known informally as the Building Department, was part of the Department of Public Safety and overseen by the Commissioner of Public Safety. In 1997, defendant Mayor of the City of Saratoga Springs and the Commissioner formed a five-member special committee to study and report on ways to improve the efficiency of the Building Department. In furtherance of this goal, the committee recommended, *inter alia*, that the Building Department be combined with the offices of the City Planner and the City Engineer under the supervision of the latter.

In accordance with this recommendation, in late 1998 the Mayor and the Commissioner agreed that daily supervision of Biffer and other employees of the Building Department would be transferred from the Deputy Commissioner of Public Safety to the City Engineer. In addition, the Building Department was physically moved to the location of the offices of the City Planner and City Engineer. In conjunction therewith, the Building Inspector's budgetary line item was transferred from the Department of Public Safety to the Mayor's office which oversees the City Engineer.

In March 1999, Biffer and his union, plaintiff Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, commenced this declaratory judgment action alleging, *inter alia*, that the transfer of the Building Department from the jurisdiction of the Commissioner to the Mayor through the City Engineer was ultra vires in that it violated both the City Charter and Municipal Home Rule Law § 23. Following service of an answer, defendants made a motion for summary judgment dismissing the complaint. Plaintiffs, in turn, cross-moved for summary judgment. Supreme Court, *inter alia*, granted defendants' motion resulting in this appeal.

Initially, plaintiffs contend that the transfer of jurisdiction over the Building Department from the Commissioner to the Mayor through the City Engineer constituted a restructuring of the government in violation of provisions of the City Charter establishing a separation of powers between elected officials. Plaintiffs correctly note that the City Charter designates the Mayor and the Commissioner as separate officers of the City and specifically provides that the City Engineer shall be under the jurisdiction of the Mayor and that the Commissioner, as head of the Department of Safety, shall have the power "[t]o administrate and enforce the Building, Zoning, Housing and Plumbing Codes." Nevertheless, under the circumstances presented herein, we do not find that defendants' actions amounted to a violation of the provisions of the City Charter.

In support of their motion, defendants submitted the affidavit of the Mayor who averred that the relocation of the Building Department and the transfer of day-to-day supervisory duties to the City Engineer was in response to the recommendations of the special committee to improve the efficiency of the Building Department. He stated that the Commissioner concurred in the recommendations and voluntarily delegated such management duties to the City Engineer but retained ultimate responsibility for the Building Department. He further averred that the transfer of the Building Inspector's budgetary line item from the Department of Public Safety to the Mayor's office was purely for administrative ease and accountability.

The Commissioner submitted an affidavit confirming the information provided by the Mayor and indicating that his voluntary delegation of supervisory duties with respect to the Building Department was not permanent and could be changed. He also averred that he continued to interact with the Building Inspector through the receipt of building permit reports and retained final responsibility for the functioning of the Building Department. Considering the temporary nature of this delegation, the fact that it was revocable at the will of the Commissioner and that the Commissioner maintained ultimate authority over the Building Department, we cannot conclude that defendants' actions amounted to a fundamental restructuring of City government which transgressed provisions of the City Charter.

Plaintiffs further contend that defendants' actions violated Municipal Home Rule Law § 23 (2) inasmuch as the reassignment of duties, in effect, constituted the abolishment, transfer or curtailment of the power of an elected official for which a mandatory referendum was necessary. We disagree. The referendum requirement applies where a local law "[a]bolishes, transfers or curtails any power of an elective officer" (Municipal Home Rule Law § 23 [2] [f]). In the case at hand, defendants did not pass a local law to implement the reassignment. Rather, it was effectuated by passage of a resolution approving the budget on November 17, 1998. A resolution is not considered a "local law" for purposes of the Municipal Home Rule Law (see, Municipal Home Rule Law § 2 [9]). In any event, we do not find that passage of a local law was necessary to carry out the reassignment since it did not alter the ultimate powers of the Commissioner. In light of the above, we find no reason to disturb Supreme Court's decision.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.