■ In the Matter of TIMOTHY E. HILL, as Election Commissioner of the County of Sullivan and Member of the Board of Elections of the County of Sullivan, Respondent, v COUNTY OF SULLIVAN et al., Appellants. [788 NYS2d 222]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Clemente, J.), entered August 22, 2003 in Sullivan County, which, inter alia, dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Sullivan County Commissioner of Personnel eliminating two county positions.

Upon passing the budget in December 2002, respondent Sullivan County Legislature reduced the amount requested by the Sullivan County Board of Elections (hereinafter Board) for salaries and benefits of its employees by $82,104, an amount equal to the salaries and benefits of two senior clerks who had been employed by the Board for over five years. Respondent Pamela Rourke, the Sullivan County Commissioner of Personnel, sent a termination letter to each of the two senior clerks, informing them that their positions had been eliminated. Neither of the two Election Commissioners participated in the determination to terminate the senior clerks' jobs.

Thereafter, petitioner, in his capacity as Election Commissioner and member of the Board, commenced this combined CPLR article 78 proceeding/declaratory judgment action seeking, among other things, a judgment setting aside the decision of Rourke that the two senior clerk positions had been eliminated, declaring that the County Legislature may not terminate any employees of the Board either directly or indirectly, and enjoining the County Legislature from terminating any employee of the Board. Respondents cross-moved to dismiss the petition on the ground that Election Law § 3-212 requires both Election Commissioners to commence a proceeding. In an interim order, Supreme Court ruled that petitioner had standing to bring this combined proceeding and action, and awarded petitioner counsel fees. Following a fact-finding hearing, Supreme Court dismissed the petition and denied the requested declaratory relief. Respondents appeal, challenging the award of counsel fees to petitioner.

Respondents argue that an award of counsel fees is unwarranted because petitioner lacked standing to unilaterally commence this proceeding/action. In this regard, we note that the Election Law requires that all actions of the Board be approved by a majority vote of the election commissioners (see Election Law § 3-212 [2]), of which there are two in Sullivan County. The Court of Appeals has recently determined that "[a] lawsuit that raises concerns affecting the staff of both political parties is an 'action' requiring approval of a majority of the commissioners under Election Law § 3-212 (2) . . . [and a]bsent such

approval, [a commissioner] lack[s] capacity to pursue those complaints against the County" (*Matter of Graziano v County of Albany,* 3 NY3d 475, 480 [2004]). The dispositive issue, however, is not whether petitioner is correct in asserting that he had standing to commence this proceeding/action unilaterally, but whether "[n]otwithstanding lack of specific statutory authority," petitioner, as a municipal officer, was acting within his "implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with . . . his official duties where the municipal attorney refused to act, or was incapable of, or was disqualified from, acting" (*Cahn v Town of Huntington,* 29 NY2d 451, 455 [1972]; *see Matter of Board of Elections of County of Westchester v O'Rourke,* 210 AD2d 402, 402 [1994], *lv dismissed* 85 NY2d 967 [1995]; *Matter of Wilson v Allegany County,* 175 AD2d 645, 646 [1991]).

There is no dispute that petitioner sought to enjoin the County Legislature from interfering with the Board's control of its personnel decisions (*see* Election Law § 3-300)—a matter within the public interest and connected with petitioner's official duties—or that the County Attorney advised petitioner that he had a conflict of interest that would preclude his representation of petitioner in this proceeding/action. Nor is there any claim that the matter was brought about by petitioner's "bad faith or malice in the performance of [his] official duties" (*Cahn v Town of Huntington, supra* at 456 n 4). Contrary to respondents' assertions that the dismissal of the petition/complaint on the merits precludes an award of counsel fees, a lack of success on the merits will not bar an award where the official has acted in good faith and in the public interest (*see Matter of Niagara County Civ. Serv. Commn. v County of Niagara,* 217 AD2d 963, 963-964 [1995]).

Finally, respondents' reliance on *Matter of Graziano v County of Albany (supra)* for the purpose of challenging the award of counsel fees is misplaced. Neither the Third Department nor the Court of Appeals decision in *Graziano* had been published at the time that petitioner commenced this proceeding/action and it had not been definitively established at that time that an election commissioner lacks standing to bring claims "predicated on the County's interference with Board functions as a whole," as opposed to claims relating to the equal representation rights of the political parties on boards of elections (*Matter of Graziano v County of Albany, supra* at 479-480; *see generally Matter of Connolly v Chenot,* 275 AD2d 583, 583 [2000]).

Respondents' remaining arguments are either not properly

before us or, upon consideration, are determined to be meritless.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.