■ Beverly J. Shields, Individually and as County Treasurer of the County of Delaware, Appellant-Respondent, v County of Delaware et al., Respondents-Appellants. [826 NYS2d 782]—

Peters, J. (1) Appeal from an order of the Supreme Court (Coccoma, J.), entered August 24, 2005 in Delaware County, which, inter alia, granted defendants' cross motion for summary judgment dismissing the complaint, and (2) cross appeals from an order of said court, entered October 21, 2005, which awarded plaintiff counsel fees.

Since 1993, plaintiff has held the elected office of Delaware County Treasurer. On September 8, 2004, defendant Board of Supervisors of the County of Delaware (hereinafter Board) unanimously adopted a resolution transferring "the duties and authority" over the financial accounting system of defendant County of Delaware to a new Department of Fiscal Affairs, limiting plaintiff's duties to those "specifically prescribed in [County Law § 550 *et seq.*]"; six employees from her office were

transferred to the new department. Thereafter, the Chair of the Board read a statement, later distributed to the press, purporting to explain the effect of the resolution. It stated that the Board decided "to split the Treasurer's Department and the Treasurer's duties," clarifying that the new department would "do all the county's financial accounting, reconciliation, disbursements, payroll, vendor payments and help in the preparation of the budget."

Plaintiff commenced this action seeking, among other things, a declaration that the Board's action illegally abolished, transferred or curtailed her statutory authority by its failure to submit the resolution to the mandatory referendum required by the Municipal Home Rule Law.* Both parties moved for summary judgment and, after an evidentiary hearing, Supreme Court granted defendants' cross motion for summary judgment dismissing the complaint. Further awarding plaintiff counsel fees in a separate order, these appeals ensued.

Addressing whether the Board's action was subject to the mandatory referendum requirement of Municipal Home Rule Law § 23 (2) (f), we note that such rule provides that "a local law shall be subject to mandatory referendum if it . . . [a]bolishes, transfers or curtails any power of an elective officer" (Municipal Home Rule Law § 23 [2] [f]). With the definition of a local law excluding a resolution (*see* Municipal Home Rule Law § 2 [9]; *Biffer v City of Saratoga Springs*, 279 AD2d 749, 751 [2001]; *Duci v Roberts*, 65 AD2d 56, 57 [1978]), even where there is a "reassignment of duties" (*Biffer v City of Saratoga Springs, supra* at 751; *see* 2004 Ops Atty Gen No. I 2004-9), we must next review whether plaintiff's ultimate powers were affected because if they were, a local law and mandatory referendum would have been required (*see Biffer v City of Saratoga Springs, supra* at 751).

The duties of a county treasurer, set forth in County Law § 550, detail that such elected official: "shall perform the duties prescribed by law as the chief fiscal officer of the county . . . [including that she] shall receive and be the custodian of all money belonging to the county or in which the county has an interest and shall keep a true account of all receipts and the expenditures in books provided by [her] at the expense of the county" (County Law § 550 [1], [2]). A county's broad powers, in turn, allow for the "creation or discontinuance of departments of its government and the prescription or modification of

---

* By order dated June 15, 2005, Supreme Court dismissed plaintiff New York State County Treasurers' and Finance Officer's Association from this case based upon a lack of standing. There is no appeal from that order.

their powers and duties" (Municipal Home Rule Law § 10 [1] [ii] [a] [1]); sudden transfers of power do not fall under the scope of that statute (*see* 2004 Ops Atty Gen No. I 2004-9; 1985 Ops Atty Gen No. I 85-73). Hence, while "an outright transfer of authority from the [elected officer] to [another party] to supervise . . . would be subject to mandatory referendum" (1985 Ops Atty Gen No. I 85-41, at 119), nothing in County Law § 550 provided that plaintiff, as the County Treasurer, had supervisory authority over the performance of accounting duties.

Supreme Court found, and the testimony established, that the Department of Fiscal Affairs took over the accounting functions previously performed by plaintiff's office and that the procedures she previously established continued to be used. Among other things, the fiscal procedures and practices for withdrawing funds and approving checks remained intact, with plaintiff's signature still required as the custodian of these accounts. For these and other reasons established at the hearing, we agree with Supreme Court that the creation of the Department of Fiscal Affairs and the transfer of some of plaintiff's employees did not constitute an abolition, transfer, or curtailment of her statutory duties, but was rather a delegation of duties to aid in the management of the County's computerized financial system (*see* 2004 Ops Atty Gen No. I 2004-9; 1985 Ops Atty Gen No. I 85-73).

Next addressing the statement and press release issued by the Chair of the Board, we agree, after a review of the testimony of the Chair and other Board members, that it was not intended to serve as a directive to any of the County's departments. Based on Supreme Court's finding that it was not "binding upon the Board nor official conduct," plaintiff's reliance upon *Johnson v Hallam Enters.* (208 AD2d 1110 [1994]) and *Geletucha v 222 Delaware Corp.* (7 AD2d 315 [1959]) is misplaced.

Finally, we decline to disturb the credibility determination made by Supreme Court after two days of hearings (*see Manganaro v State of New York*, 24 AD3d 1003, 1005 [2005]; *Auger v State of New York*, 263 AD2d 929, 930 [1999]) that plaintiff's action was brought in her official capacity, in good faith, and in the public interest. Accordingly, plaintiff was entitled to an award of counsel fees, notwithstanding her loss on the merits (*see Cahn v Town of Huntington*, 29 NY2d 451, 454-455 [1972]; *Matter of Hill v County of Sullivan*, 14 AD3d 744, 746 [2005]; *Matter of Niagara County Civ. Serv. Commn. v County of Niagara*, 217 AD2d 963, 963-964 [1995]). We further find no abuse of discretion in the amount awarded (*see Siegal*

*Law Offs., LLC v Tulin*, 32 AD3d 596, 597 [2006]; *Shrauger v Shrauger*, 146 AD2d 955, 956 [1989], *appeal dismissed* 74 NY2d 844 [1989]).

Crew III, J.P., Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.