■ In the Matter of JEROME LINDBERG et al., Appellants, v TOWN OF MANLIUS PLANNING BOARD et al., Respondents, et al., Respondent-Defendant. [838 NYS2d 294]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered February 16, 2006 in a CPLR article 78 proceeding and declaratory judgment action. The judgment granted the motion of respondents-defendants Town of Manlius Planning Board, Albert Hanzalik and Town Board of the Town of Manlius to dismiss the petition-complaint against them.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the provision dismissing that part of the petition-complaint seeking a declaration and granting judgment in favor of respondents-defendants Town of Manlius Planning Board, Albert Hanzalik and Town Board of the Town of Manlius as follows: "It is ADJUDGED AND DECLARED that Manlius

Town Code § 127-5 is valid" and as modified the judgment is affirmed without costs.

Memorandum: Petitioners-plaintiffs commenced this "combined" CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, a declaration that Manlius Town Code § 127-5 is invalid "insofar as it purports to allow 'division of land' in a manner inconsistent with Article 16 of the Town Law." As Supreme Court properly determined, Manlius Town Code § 127-5 does not violate Town Law § 276 (4) (a) by excluding from the definition of "subdivision" a division of land consisting of the adjustment of existing lot lines, even when only one of those lots is within an approved subdivision. The statute authorizes towns to determine, by defining the term "subdivision," those divisions of property that require subdivision approval (see generally Matter of Esposito v Town of Fulton Planning Bd., 188 AD2d 779 [1992]; Delaware Midland Corp. v Incorporated Vil. of Westhampton Beach, 79 Misc 2d 438, 440 [1974], affd 48 AD2d 681, affd 39 NY2d 1029 [1976]; Rice, Practice Commentaries, McKinney's Cons Laws of NY, Book 61, Town Law § 276, at 59). The court erred, however, in dismissing that part of the petition-complaint seeking a declaration (see Village of Webster v Monroe County Water Auth., 269 AD2d 781, 783 [2000]), and we therefore modify the judgment accordingly. Present—Scudder, P.J., Hurlbutt, Lunn, Green and Pine, JJ.