■ In the Matter of FRANKLIN W. KESTER, as the Duly Elected Receiver of Taxes and Assessments of Town of Elma, Appellant, v MICHAEL P. NOLAN, Individually and as Supervisor of Town of Elma, et al., Respondents. [851 NYS2d 785]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 31, 2007 in a CPLR article 78 proceeding and declaratory judgment action. The judgment, among other things, dismissed the petition-complaint.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the provision dismissing that part of the petition-complaint seeking a declaration and granting judgment in favor of respondents-defendants as follows: "It is ADJUDGED and DECLARED that Local Law No. 2 (2006) of the Town of Elma was effective December 8, 2006 and as modified the judgment is affirmed without costs."

Memorandum: Petitioner-plaintiff (petitioner) commenced this hybrid CPLR article 78 proceeding/declaratory judgment action challenging the authority of respondent-defendant Town of Elma to adopt Local Law No. 2 (2006) abolishing the office of the Receiver of Taxes and Assessments for the Town of Elma, to which he was elected. According to petitioner, Local Law No. 2 could not take effect until his four-year term of office had expired. We agree with Supreme Court that petitioner's contention is without merit. Local Law No. 2 was properly effective on December 8, 2006, the date on which it was filed in the office of the secretary of state (*see* Municipal Home Rule Law § 27 [3]), despite the fact that petitioner's term of office was thereby abridged (*see* 1979 Ops St Comp No. 79-224; 1978 Ops St Comp No. 78-510).

We reject the further contention of petitioner that he is entitled to legal fees in the prosecution of this proceeding/action. "Notwithstanding lack of specific statutory authority, a municipal board or officer possesses implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with its or his [or her] official duties where the municipal attorney refused to act, or was incapable of, or was disqualified from, acting" (*Cahn v Town of Huntington*, 29 NY2d 451, 455 [1972]; *see Matter of Hill v County of Sullivan*, 14 AD3d 744, 746 [2005]). Here, petitioner failed to establish that the prosecution of this proceeding/action was "in conjunction with . . . his official duties" (*Cahn*, 29 NY2d at 455; *cf. Matter of Wilson v Allegany County*, 175 AD2d 645 [1991]).

We conclude, however, that the court erred in dismissing that

part of the petition-complaint seeking a declaration and in failing to issue a declaration (*see Matter of Lindberg v Town of Manlius Planning Bd.*, 41 AD3d 1231 [2007]). We therefore modify the judgment accordingly. Present—Gorski, J.P., Smith, Centra, Lunn and Peradotto, JJ.