Matter of Bistany v City of Buffalo (2022 NY Slip Op 06618)

Matter of Bistany v City of Buffalo

2022 NY Slip Op 06618

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., NEMOYER, CURRAN, AND BANNISTER, JJ.

902 CA 22-00495

[*1]IN THE MATTER OF UNDINE BISTANY, RUTHELLEN BUNIS, EDWARD HANDMAN, GERMAIN HARNDEN, ANDREE LIPPES, JOEL LIPPES, ANNE MURPHY, DANIEL SACK, WILLIAM WISNIEWSKI, PETITIONERS-PLAINTIFFS-APPELLANTS, ET AL., PETITIONER-PLAINTIFF,
v
CITY OF BUFFALO, COMMON COUNCIL OF CITY OF BUFFALO, BUFFALO CITY CLERK, CITY OF BUFFALO PLANNING BOARD, AND ELMWOOD CROSSING, LLC, RESPONDENTS-DEFENDANTS-RESPONDENTS. 

THE LAW OFFICE OF STEPHANIE ADAMS, PLLC, BUFFALO (STEPHANIE A. ADAMS OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS. 
CARIN S. GORDON, CORPORATION COUNSEL, BUFFALO, FOR RESPONDENTS- DEFENDANTS-RESPONDENTS CITY OF BUFFALO, COMMON COUNCIL OF CITY OF BUFFALO, BUFFALO CITY CLERK, AND CITY OF BUFFALO PLANNING BOARD.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MARC A. ROMANOWSKI OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT ELMWOOD CROSSING, LLC. 

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Daniel Furlong, J.), entered August 16, 2021 in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment denied and dismissed the petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the provision dismissing that part of the petition-complaint seeking a declaration and granting judgment in favor of respondents-defendants as follows:
It is ADJUDGED and DECLARED that the Planned Unit Development is valid, and as modified the judgment is affirmed without costs.
Memorandum: In 2019, respondent-defendant Elmwood Crossing, LLC filed an application for a Planned Unit Development (PUD), a type of mixed-use zone, within respondent-defendant City of Buffalo (City) at the site of the former Women and Children's Hospital of Buffalo. Respondent-defendant Common Council of the City of Buffalo (Common Council) voted to send the PUD application to respondent-defendant City of Buffalo Planning Board (Planning Board), which in turn considered it at a subsequent meeting and ultimately recommended that it be approved. The Common Council then considered the proposed zoning amendments required for the PUD, conducted a public hearing, and approved the PUD. Two days later, however, the Common Council reconsidered the PUD at a special session in order to approve the PUD with certain amendments that had not been considered at its prior session.
Petitioners-plaintiffs, who own property near the project, thereafter commenced this hybrid CPLR article 78 proceeding and declaratory judgment action. As relevant, petitioners alleged that the Common Council illegally adopted the PUD with amendments because it was [*2]inconsistent with the City's Comprehensive Plan and that the adoption of the PUD with amendments was improper because the amended PUD was not reviewed by the Planning Board. Supreme Court denied and dismissed the petition-complaint. Petitioners-plaintiffs-appellants (petitioners) appeal.
As an initial matter, and contrary to the assertion of certain respondents-defendants, we conclude that petitioners established their standing to bring the instant claims (see Matter of O'Donnell v Town of Schoharie, 291 AD2d 739, 740-741 [3d Dept 2002]; see also Matter of West 58th St. Coalition, Inc. v City of New York, 188 AD3d 1, 7-8 [1st Dept 2020], mod on other grounds 37 NY3d 949 [2021]; Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Planning Commn. of City of N.Y., 259 AD2d 26, 31-32 [1st Dept 1999]). Contrary to petitioners' contention, however, they failed to meet their burden of establishing that the PUD was inconsistent with the City's Comprehensive Plan (see generally Restuccio v City of Oswego, 114 AD3d 1191, 1191-1192 [4th Dept 2014]; Matter of VTR FV, LLC v Town of Guilderland, 101 AD3d 1532, 1534 [3d Dept 2012]; Matter of Ferraro v Town Bd. of Town of Amherst, 79 AD3d 1691, 1694 [4th Dept 2010], lv denied 16 NY3d 711 [2011]). We likewise reject petitioners' contention that the procedure used to adopt the PUD was unlawful on the ground that certain amendments were not considered by the Planning Board. Here, the Planning Board properly reviewed the PUD, recommended that it be approved, and the Common Council lawfully exercised its discretion to "waive, modify, or supplement the standards of the underlying zone" (City of Buffalo Unified Development Ordinance § 11.3.8.E). Thus, this is not a case where the Common Council failed to first refer the matter to the Planning Board (see generally Matter of Fichera v New York State Dept. of Envtl. Conservation, 159 AD3d 1493, 1495 [4th Dept 2018]).
To the extent that petitioners further contend that the court's decision lacked sufficient detail, we reject that contention (see generally CPLR 2219 [a]). We agree with petitioners, however, that the court erred in dismissing that part of the petition-complaint seeking a declaration rather than declaring the rights of the parties (see Matter of Kester v Nolan, 48 AD3d 1113, 1115 [4th Dept 2008]), and we modify the judgment accordingly.
In light of the above, as petitioners acknowledge, their remaining contention is moot.
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court