[No. 22622. Department One. December 1, 1930.]

THE STATE OF WASHINGTON, *on the Relation of J. L. Searles, Respondent,* v. B. C. DUNN *et al., Appellants.*[1]

*W. A. Funk & Son,* for appellants.
*Stephen E. Chaffee,* for respondent.

[1]Reported in 294 Pac. 247.

HOLCOMB, J.—Respondent brought this action against B. C. Dunn, mayor, and T. W. Howell, clerk, of the town of Mabton, a town of the fourth class, for a mandate requiring them, in their official capacity as mayor and clerk of Mabton, to sign and attest a certain ordinance passed by the town council of Mabton at its regular meeting held on January 14, 1930. The petition incorporated a copy of the ordinance in question, which reads:

"An ordinance providing that the town clerk be ex-officio superintendent of the town water department, defining his duties and fixing his salary.

"BE IT ORDAINED BY THE COUNCIL OF THE TOWN OF MABTON:

"Section 1. That the mayor shall appoint a town clerk, and that the person so appointed town clerk shall be ex-officio superintendent of the town water department.

"Section 2. That the person so appointed shall perform the usual and customary duties of the town clerk of the town of Mabton, as provided by ordinance and statute.

"Section 3. That the said person so appointed, and who is ex-officio water superintendent, shall have the management of the town water system, which shall include the operation by said water superintendent of the town pump, reading meters, keeping records in connection with the water department, and the performance of such other duties as may be necessary in connection with the management and operation of the town water system for domestic purposes.

"Section 4. That the town of Mabton shall pay said person for his duties as town clerk and for his duties as superintendent of the town water system as herein defined, the sum of one hundred dollars ($100) per month, by warrant, to be issued at the next meeting after the end of each month.

"Passed by the town council this 14th day of January, 1930.

"Approved by the mayor of the town of Mabton, this ............day of................, 1930.

Mayor.
"Attest: ...............................................................
Town Clerk."

. The petition also alleged the corporate existence of Mabton as a town of the fourth class of the state of Washington, and that the above named appellants were mayor and clerk, respectively, of the town; that the ordinance set forth was regularly passed by the town council at a regular meeting thereof on or about January 14, 1930; that appellants refused to sign and attest the ordinance as mayor and clerk of the town; and that respondent was an elector and taxpayer of the town.

In answer to the petition, appellants admitted all of the material allegations of the petition, but alleged in defense that the ordinance as passed was inconsistent with the laws of the state of Washington relating to fourth class towns; that the passing of the ordinance constituted an unreasonable exercise of the power granted such council by the statutes of the state; and that, for the foregoing reasons, the ordinance was invalid and that there existed no duty upon appellants herein to sign and attest the same. The trial court granted the writ.

The statutory provisions relied upon by appellants are as follows:

Rem. Comp. Stat., § 9164, reading:

"The government of such town shall be vested in a mayor and council, to consist of five members, a clerk, a treasurer, a marshal who shall be ex officio tax and license collector, a police justice who may be one of the justices of the peace of the precinct in which said town

is situated; and such subordinate officers as are hereinafter provided for.''

Section 9188, Id., prescribes the duties of the clerk of such towns, the section being lengthy and in great detail, the duties prescribed being, generally, clerical in their nature.

Appellants argue that the additional duties, including mechanical services, imposed upon the town clerk, under this ordinance, as ex officio water superintendent, are inconsistent with the clerical duties required by statute of the town clerk and contrary to public policy.

Appellants concede, as a matter of law, that courts will not inquire as to whether or not an ordinance is reasonable, if passed in accordance with the express powers granted the council by statute.

Section 9188, *supra,* among other things, provides:

''He shall perform such other services as this act and the ordinances of the council shall require.''

We can see nothing contrary to public policy in the provisions of the ordinance in question. It was probably enacted in the interest of economy. There is nothing in the statute forbidding it.

Where the legislature has expressly conferred upon a municipality corporate power to do a certain act, the courts cannot question the act, except upon constitutional grounds. 43 C. J. 303; 19 R. C. L., p. 805, § 112.

No constitutional restriction is relied upon here.

■ The mayor of a fourth class municipality in this state has no veto power. *State ex rel. Prosser Falls Land & Irrigation Co. v. Taylor,* 36 Wash. 607, 79 Pac. 286.

In the last cited case, it was also held that the duty of the mayor to sign an ordinance is purely ministerial.

Since the ordinance before us violates no constitutional provision, it is a valid enactment.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, PARKER, and MAIN, JJ., concur.