[No. 3148-1.   Division One.   December 1, 1975.]

TRI-STATE CONSTRUCTION COMPANY, INC., *Appellant*, v. THE CITY OF SEATTLE, ET AL, *Respondents*.

*Short, Cressman & Cable, William L. Hintze,* and *William K. McInerney, Jr.,* for appellant.

*John P. Harris, Corporation Counsel,* and *Charles R. Nelson* and *Jorgen G. Bader, Assistants; Ferguson & Burdell* and *Bruce P. Babbitt,* for respondents.

SWANSON, J.—On February 6, 1974, the City of Seattle issued an invitation for bids on North Greenwood-West, Storm Drains, Construction Contract No. 3. The Tri-State Construction Company, Inc., submitted the low bid, but the City awarded the contract to defendant West Coast Construction Company, Inc., the next higher bidder, according it a preference as a "Model Neighborhood contractor." Tri-State promptly protested the contract award to the appropriate city agency; receiving no relief, it sued for an injunction, alleging that the award was arbitrary and in violation of article 7, section 15 of the Seattle City Charter, which provides that all public improvements to be made by contract shall be let to the lowest bidder. The Superior Court issued an order for a temporary injunction conditioned upon the filing of a bond within a prescribed time. Tri-

State did not file the bond, and the City directed West Coast to proceed with performance of contract No. 3.

After trial, the court found that the contract was part of Seattle's Comprehensive City Demonstration Model Cities Program and that by virtue of RCW 35.21.660 the Model Neighborhood contractor preference provisions of a United States Department of Housing and Urban Development handbook, CDA letter No. 11, rather than article 7, section 15 of the Seattle City Charter, applied to the contract. Tri-State's request for injunctive relief was accordingly denied and judgment of dismissal entered on June 11, 1974. Tri-State filed timely notice of appeal, but no supersedeas bond, and moved for an early hearing. That motion was denied on September 20, 1974. The construction contract was completed on December 20, 1974, and the City moved to dismiss the appeal as moot. The motion was heard on February 14, 1975, and passed to the merits.

The parties agree that, the construction project having been completed, nothing remains to enjoin, and the action is therefore moot. However, plaintiff urges us to decide the case on the merits, citing *National Elec. Contractors Ass'n v. Seattle School Dist. 1*, 66 Wn.2d 14, 400 P.2d 778 (1965), where it was held that the fact that an issue is moot does not necessarily divest the court of jurisdiction, and the Supreme Court retained and decided a moot question, "not for any benefit which either of the parties would receive in consequence of the decision, but for the public interest involved . . ." *National Elec. Contractors Ass'n v. Seattle School Dist. 1, supra* at 23.

The Supreme Court also went to the merits on a moot appeal in *Deaconess Hosp. v. State Highway Comm'n*, 66 Wn.2d 378, 401, 403 P.2d 54 (1965),

> without receding in any degree from the rule that the Supreme Court does not render advisory opinions or decide moot questions. We reserve a rule that occasionally there will arise a question of such general public interest and importance, tried in a genuinely adversary proceedings on truly justiciable issues that . . . the questions of law and fact can be said to survive, thereby granting

this court a discretion in the public interest to hear and determine the appeal on the merits

and in *Sorenson v. Bellingham*, 80 Wn.2d 547, 496 P.2d 512 (1972), where the court said at page 558,

It is a general rule that, where only moot questions or abstract propositions are involved, or where the substantial questions involved in the trial court no longer exist, the appeal, or writ of error, should be dismissed. There is an exception to the above stated proposition. The Supreme Court may, in its discretion, retain and decide an appeal which has otherwise become moot when it can be said that matters of continuing and substantial public interest are involved. . . . Criteria to be considered in determining the "requisite degree of public interest are the public or private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question."

(Citations omitted.) We find that the criteria for retention of moot questions are not satisfied in the case at bar and therefore do not reach the merits.

The Supreme Court retained jurisdiction of a strictly moot appeal in *National Elec. Contractors Ass'n* because it seemed "desirable that school districts throughout the state should have an authoritative construction of [the statute in question] for their guidance in like situations." *National Elec. Contractors Ass'n v. Seattle School Dist. 1, supra* at 20. An authoritative construction of RCW 35.21.660 will not guide government officials or contractors in future situations where the question is whether other statutes permit municipalities to ignore charter provisions in order to participate in other federal assistance programs; we cannot, despite plaintiff's characterization of the issue, create precedent as to whether "a municipality has authority to ignore its own charter provisions—or other provisions of law— when such is required for participation in a federal grant-in-aid program." This court can only decide whether a spe-

cific statute—RCW 35.21.660[1]—authorizes the City of Seattle to award a public improvement contract in contravention of the competitive bidding provisions of article 7, section 15 of the Seattle City Charter when such is required for participation in a program under a specific federal law —the Demonstration Cities and Metropolitan Development Act of 1966, Pub. L. No. 89-754, 80 Stat. 1255 (codified in scattered sections of 11, 12, 15, 16, 40, 42 U.S.C.).

The strongest statement plaintiff can muster is that "there can be no assurance that both the program and the statute in question will not again give rise to the identical controversy which is now before this court." Even if this were sufficient to satisfy *Sorenson's* "likelihood of future recurrence" criterion, the value of our construction of RCW 35.21.660 would be diminished because, as the parties agree, the Model Cities Program now exists only by virtue of its consolidation with other programs through the Housing and Community Development Act of 1974, Pub. L. No. 93-383, 88 Stat. 633 (codified in scattered sections of 5, 12, 15, 20, 31, 40, 42, 49 U.S.C.). A future construction of RCW 35.21.660 would therefore include consideration of whether the powers granted by that statute "to carry out the purposes of the Demonstration Cities and Metropolitan Development Act of 1966" follow the transfiguration of that program by the 1974 federal legislation, a question which is not now before us.

Dismissed.

WILLIAMS, C.J., and FARRIS, J., concur.

---

[1] Plaintiff has declined to brief, but asks us to consider, the applicability of the "supplementary statutory authority" cited by defendant City of Seattle. Certainly the court should refuse to decide a moot question which is not thoroughly researched and argued by counsel.