[No. 4150–1. Division One. April 25, 1977.]

THE CITY OF TUKWILA, *Plaintiff*, JOANNE DAVIS, ET AL, *Respondents*, v. FRANK TODD, ET AL, *Appellants*.

*Wayne R. Parker,* for appellants.

*LeSourd, Patten, Fleming & Hartung* and *Lawrence E. Hard,* for respondents.

WILLIAMS, J.—The City of Tukwila and the seven members of the Tukwila City Council brought this action against Tukwila Mayor Frank Todd, City Clerk Shirlee Kinney, and City Treasurer Mabel J. Harris, to enjoin them from increasing salaries of certain city employees above levels set in the 1975 Tukwila annual budget. The City was dismissed as a party, but before trial the complaint was amended to request authorization for it to pay the fees of private attorneys which the city council had retained to prosecute the action. The trial court granted the injunction, ordered the return of salary increases already received, and

ordered the City to pay attorney's fees and costs to the private law firm. Todd and Kinney appeal; we affirm in part, and vacate in part.

When the city council adopted Tukwila's 1975 budget, three employees of the Department of City Clerk were among several employees in various city departments who did not receive increases in pay. In January 1975, these employees instituted grievance proceedings pursuant to city resolutions prohibiting discrimination in employment practices of the City based on race, creed, color, national origin, sex, physical handicap and age. In February, a special arbitration committee selected by the mayor found no discrimination based on any of the prohibited grounds, but nevertheless recommended that the salaries of the three employees be increased, retroactive to January 1, 1975. To accomplish this salary increase, Mayor Todd submitted to the city clerk a "Request for Transfer of Funds" in the amount of $2,154 from the budget of the Department of Mayor to the Department of City Clerk. The council reacted by retaining a Seattle law firm and instituting this action. The council chose not to have the city attorney represent it because council members believed that the city attorney was biased in favor of the administrative branch of city government and was unable to render impartial legal advice to the council.

■ The first question is whether any issues on appeal are moot. Mayor Todd was not reelected in November 1975, and his successor was sworn into office on January 12, 1976. Shirlee Kinney has no authority to transfer funds to increase salaries and cannot unilaterally issue pay warrants. Therefore, the part of the judgment ordering that a permanent injunction issue against Todd and Kinney is no longer necessary. *Tri-State Constr. Co. v. Seattle,* 14 Wn. App. 476, 543 P.2d 353 (1975).

The next question is whether the mayor is prohibited by the Tukwila Municipal Code from increasing salaries above amounts established in the 1975 annual budget by transferring funds from one city department to another.

The pertinent statutory authority is as follows:

Transfers between individual appropriations within any one fund may be made during the current fiscal year by order of the city's or town's chief administrative officer subject to such regulations, if any, as may be imposed by the city or town legislative body. Notwithstanding the provisions of RCW 43.09.210 or of any statute to the contrary, transfers, as herein authorized, may be made within the same fund regardless of the various offices, departments or divisions of the city or town which may be affected.

RCW 35.33.121 (enacted in 1969).

Transfers between items within any class in the budget may be made by the city's chief administrative or finance officer, subject to such regulations as may be imposed by the legislative body thereof, but no salary shall be increased above the amount provided therefor in the budget except as otherwise provided in RCW 35.33.105. Notwithstanding the provisions of any statute to the contrary, the budgetary transfers herein authorized may be made as between any offices, departments, divisions, services, institutions, etc., or any combination thereof [within] a city's organizational structure which operate from the appropriations of the same fund.

RCW 35.33.120 (repealed in 1969).

The mayor is authorized, pursuant to RCW 35.33.120, to make transfers within any class in the budget provided:
(1) No salary shall be increased above the amount provided therefor in the budget;

Tukwila Municipal Code § 2.08.010.

Todd and Kinney contend that because repeal of a statute on which an ordinance is based constitutes repeal of the ordinance as well, the Tukwila ordinance (§ 2.08.010) has been implicitly repealed and there are no restrictions on the mayor's power to transfer funds under RCW 35.33.121.

This contention fails in view of *State ex rel. Duvall v. City Council,* 71 Wn.2d 462, 465–66, 429 P.2d 235 (1967), in which our Supreme Court said:

The leading case on this phase of statutory construction is *Wright v. Oakley,* 46 Mass. (5 Met.) 400 (1843), wherein the court said:

In construing the revised statutes and the connected acts of amendment and repeal, it is necessary to observe great caution, to avoid giving an effect to these acts, which was never contemplated by the legislature. In terms, the whole body of the statute law was repealed; but these repeals went into operation simultaneously with the revised statutes, which were substituted for them, and were intended to replace them, with such modifications as were intended to be made by that revision. There was no moment, in which the repealing act stood in force, without being replaced by the corresponding provisions of the revised statutes. In practical operation and effect, therefore, they are rather to be considered as a continuance and modification of old laws, than as an abrogation of those old, and the reenactment of new ones. In order to construe them correctly, we must take the whole of the revised statutes, together with the act of amendment and the repealing act, and consider them in reference to the known purposes which the legislature had in view in making the revision. (p. 406)

Moreover, RCW 1.12.020 provides:

The provisions of a statute, so far as they are substantially the same as those of a statute existing at the time of their enactment, must be construed as continuations thereof.

RCW 35.33.121 was part of the same 1969 legislative act that repealed RCW 35.33.120, and the difference between the two statutes is insignificant. We are satisfied that the legislative intent was to amend and not repeal RCW 35.33.120. Therefore, Tukwila Municipal Code § 2.08.010 was in effect in February 1975, and prohibited a transfer of funds that would have increased the salaries above the amounts provided in the budget. The court properly ordered Shirlee Kinney to return all monies received by her as increases in salary and personal benefits for the period January 1, 1975, through February 8, 1975. However, that part of the judgment which orders Doris Phelps and Shirley Kristofferson to return increases in their salaries must be vacated because the court did not have personal jurisdiction of them.

The next question is whether the city council was entitled to retain private counsel, despite RCW 35.24.110 which provides:

The city attorney shall advise the city authorities and officers in all legal matters pertaining to the business of the city and shall approve all ordinances as to form. He shall represent the city in all actions brought by or against the city or against city officials in their official capacity. He shall perform such other duties as the city council by ordinance may direct.

The court found on substantial evidence that:

In the fall of 1974, the City Council members all believed that the City Attorney was prejudiced and biased in favor of positions taken by the administrative branch of the Tukwila city government, and in particular those positions taken by the Mayor, and all seven members of the Council had a lack of confidence in the ability of the City Attorney to render impartial legal advice to the legislative branch of the Tukwila city government in several matters.

The City Council had substantial reasons to seek independent legal counsel.

■ The general view, and the law in this state, is that private counsel may be retained in certain cases even though the regular city attorney is responsible, by law, for attending to all the legal affairs of the municipal corporation. In 10 E. McQuillin, *The Law of Municipal Corporations* § 29.12, at 262–63 (3d ed. 1966), it is stated:

Contracts for outside legal services are sometimes sustained where there is a vacancy in the office of city attorney; or where the city attorney is ill, disqualified, absent, or unavailable; or where the legal official of the corporation refuses to appear and perform the necessary services; or where he has, or represents, adverse interests;
. . .

(Footnotes omitted.) Washington cases are in accord. *State ex rel. Dysart v. Gage,* 107 Wash. 282, 181 P. 855 (1919); *Wiley v. Seattle,* 7 Wash. 576, 35 P. 415 (1894).

The trial court found, on substantial evidence, that a conflict existed between the legislative and executive

branches of government, and that the city attorney represented the mayor whenever there was a difference of opinion. The council was justified in retaining private legal counsel.

The next question concerns that portion of the judgment which provides that the private law firm shall be paid out of City of Tukwila funds. In view of the dismissal of the City from the action, it may be that the court did not have jurisdiction to order it to pay the attorneys. It is unnecessary to go into that because the city council has officially authorized and directed such payment and, as seen, the attorneys were properly retained. The treasurer, Mabel J. Harris, is not contentious and has been dismissed as a party to this appeal on stipulation of counsel. The attorneys are not entitled to interest on the judgment, *Renton v. Scott Pac. Terminal, Inc.*, 9 Wn. App. 364, 512 P.2d 1137 (1973), and there is nothing standing in the way of their being paid. The judgment as to them is superfluous.

The judgment is affirmed except for that part which orders Phelps and Kristofferson to return the salary increase. Todd and Kinney must bear the costs.

FARRIS, C.J., and SWANSON, J., concur.