[No. 15147-2-II.    Division Two.    February 22, 1994.]

THE STATE OF WASHINGTON, *on the Relation of Steilacoom Town Council,* ET AL, *Appellants,* v. JANDA VOLKMER, ET AL, *Respondents.*

*Richard B. Sanders* and *Sanders Law Office*, for appellants.

*Robert J. Backstein* and *Preston Thorgrimson Shidler Gates & Ellis*, for respondents.

PETRICH, J.* — Three members, constituting a majority of the 5-member Steilacoom, Washington, Town Council (Council), appeal from a superior court decision denying their request for a writ of mandamus. The Council sought to have Janda Volkmer, the Steilacoom Mayor, sign a resolution it passed directing payment of public funds under a

---

*Judge John A. Petrich was a member of the Court of Appeals at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to CAR 21(c).

contract in which the Council retained private legal counsel. The Council's complaint also sought to have the court require the Mayor to direct Susan Wilson, the Steilacoom Town Clerk and Treasurer, to disburse the requested legal fees. The trial court determined as a matter of law[1] that the Council lacked the authority under the municipal charter to use public funds to retain private legal counsel and, therefore, the Mayor was under no obligation to sign the Council's resolutions. We affirm.

The Council engaged private legal counsel to resolve a long-standing dispute between the Council and the Mayor as to the appropriate manner of modifying the town code's standards for street construction as they applied to a proposed improvement of First Street. The Mayor, following the advice of the town attorney, was of the view that the proper procedure was that prescribed by the code for a variance. This procedure involves presenting the matter to a hearing examiner for a public hearing and decision, complete with findings and conclusions and subject to review, if requested, by the Council. The Council was of the view that such a procedure was unnecessary because of its plenary authority over street construction and improvement and that the Council itself could modify the standards as they applied to the proposed improvement of First Street.

On November 1, 1990, the Steilacoom Town Council passed resolution 821, which provided:

> A RESOLUTION OF THE TOWN OF STEILACOOM RETAINING PRIVATE COUNSEL.
>
> WHEREAS, the Steilacoom Town Council and the administrative branch of the Steilacoom Town Government have been and are now engaged in extraordinary conflict regarding improvements to First Street as well as other matters; and
>
> WHEREAS, the Town Attorney appears prejudiced and biased in favor of positions taken by the administrative

---

[1]After the defendants filed their answer to the complaint, the matter was presented to the trial court on the motion of the Council for an order directing the issuance of a writ of mandamus. The trial court considered the pleadings, affidavits, and legal memoranda of the respective parties and made its ruling. Neither party claims a material issue of fact exists. We review the matter as one for summary judgment. CR 12(c).

branch of the Town City Government, and in particular those positions taken by the Mayor; and

WHEREAS, the majority of the Council lack confidence in the ability of the Town Attorney to render impartial legal advice to the legislative branch of the Town Government in several matters; and

WHEREAS, the interest served by the Town Attorney is conflicted between the will of the Town Council and that of the executive branch, particularly the Mayor; and

WHEREAS, the Town Council finds that it has substantial reason to seek independent legal counsel;

NOW, THEREFORE, BE IT RESOLVED BY THE TOWN COUNCIL OF THE TOWN OF STEILACOOM, WASHINGTON, AS FOLLOWS:

The Town Council herewith retains Richard B. Sanders, Attorney at Law, as independent private counsel to advise the Town Council and to prosecute such legal actions in its name as may appear necessary and appropriate.

The Council also passed resolution 820, which sought to abrogate the Mayor's act of scheduling a public hearing before a hearing examiner for the purpose of considering whether a variance should be granted for the municipality's improvements to "First Street". The Council resolved that neither the publication of the notice of the hearing, nor the decision requiring a variance, was authorized by the Council, the government body holding exclusive jurisdiction over street improvements under RCW 35.27.370(16). The Council concluded that no variance was required and canceled the hearing.

The Council also passed resolution 822, which approved a retainer agreement in connection with Council resolutions 820 and 821. This resolution provided the following compensation agreement:

1. The Town of Steilacoom agrees to immediately pay Richard B. Sanders a nonrefundable retainer of $2,000 entitling the Town Council to equivalent legal services billed at the lowest rate set forth herein.

2. The Town of Steilacoom agrees to compensate said attorney for those additional legal services rendered, and out-of-pocket expenses incurred at the hourly rate of $125 per hour, $110 per hour if paid in 30 days based upon monthly billings subject to interest at 18% per annum.

The Mayor refused to sign this resolution, writing at the bottom of the resolution, "I am unable to sign this Resolution until the legality of said action is established by the Attorney General's office." The Council then sought to force the Mayor to sign the resolution by filing a complaint for a writ of mandamus. The Council's primary position was that the Mayor could not refuse to sign the resolution because her authority was purely ministerial.

Two issues are presented in this appeal. One, does the mayor of a fourth-class municipal corporation have a nondiscretionary duty to approve all resolutions adopted by the town council of that corporation? Two, if not, did the trial court err in concluding that the Steilacoom Town Council failed to establish as a matter of law its legal authority to spend public funds to retain private legal counsel in its dispute with the Mayor over the variance issue?

■ First, it is a fundamental rule that a municipal corporation, being a creature of the state, has only those powers and duties expressly granted to it by the legislative body of the state. *Othello v. Harder*, 46 Wn.2d 747, 752, 284 P.2d 1099 (1955). "Likewise, the officers of a municipality have only such powers and duties as are conferred upon them expressly or by necessary implication by the applicable statutes." *Othello*, at 752.

■ Based upon these postulates, the Council argues that the Mayor has a nondiscretionary duty to sign the resolution by virtue of RCW 35.27.290, which provides: "Every ordinance shall be signed by the mayor and attested by the clerk." While we agree that the Mayor has a ministerial duty to sign valid ordinances passed by the Council, that duty does not apply to invalid ordinances. *See State ex rel. Bothell v. Woody*, 90 Wash. 501, 503, 156 P. 534 (1916); *State ex rel. Prosser Falls Land & Irrig. Co. v. Taylor*, 36 Wash. 607, 610, 79 P. 286 (1905); *Wiley v. Seattle*, 7 Wash. 576, 579, 35 P. 415 (1894); *see also State ex rel. Searles v. Dunn*, 159 Wash. 397, 399-400, 294 P. 247 (1930) (issuance of writ of mandamus commanding the Mayor to sign the ordinance was proper absent showing of unconstitutionality). Thus, if

the Mayor correctly decided that the ordinance was invalid, she had no legal obligation to sign it.

Having resolved the first issue in the negative, we next address whether the trial court correctly concluded that the Council lacked the authority to retain outside counsel, making the Council's resolution invalid. The authority to hire legal counsel for the municipality is governed by RCW 35.27.070, which provides:

> The government of a town shall be vested in a mayor and a council consisting of five members and a treasurer, all elective; the mayor shall appoint a clerk and a marshall; and may appoint a town attorney . . .. All appointive officers shall hold office at the pleasure of the mayor and shall not be subject to confirmation by the town council.

Clearly, it is the mayor to whom the Legislature has granted the express authority to hire legal counsel for the municipality. The Legislature has not granted similar express authority to the council. *Cf. City Coun. v. Sakai,* 58 Haw. 390, 570 P.2d 565 (1977) (express authority). Thus, the Council must have demonstrated that it acted under an implied power by which it could hire special counsel to represent the municipality.

> As a general rule, when a municipal corporation has legal counsel charged with a duty of conducting the legal business of a government agency, contracts with other attorneys for additional or extra legal services are void. *Board of Supervisors v. Woodall,* 120 Ariz. 379, 586 P.2d 628 (1978); *Ashton v. Cook County,* 384 Ill. 287, 51 N.E.2d 161 (1943); *Cahn v. Town of Huntington,* 29 N.Y.2d 451, 328 N.Y. Supp. 2d 672, 278 N.E.2d 908 (1972); 10 McQuillan [*sic*], *Municipal Corporations* § 29.12 at 259-60 (3d ed. 1966).

> There is a well-recognized exception to this principle which recognizes the implied authority of a municipal board or officer to hire counsel in the good-faith prosecution or defense of an action taken in the public interest and in conjunction with its or his official duties where the municipality's attorney refuses to act or is incapable of or is disqualified from acting. *Board of Supervisors v. Woodall,* 120 Ariz. 379, 586 P.2d 628 (1978); *Cahn v. Town of Huntington,* 29 N.Y.2d 451, 328 N.Y. Supp. 2d 672, 278 N.E.2d 908 (1972); *City of Tukwila v. Todd,* 17 Wash. App. 401, 563 P.2d 223 (1977).

*Coventry Sch. Comm. v. Richtarik,* 122 R.I. 707, 715, 411 A.2d 912 (1980).

■ In Washington, there are two scenarios in which the town council of a municipal corporation has the implied authority to hire outside counsel. One, if the council hires outside counsel to represent it, and it prevails on the substantive issue to the benefit of the town, a court may direct the town to pay the reasonable fees and costs of outside counsel. *See Tukwila v. Todd*, 17 Wn. App. 401, 563 P.2d 223 (1977). Two, if extraordinary circumstances exist, such that the mayor and/or town council is incapacitated, or the town attorney refuses to act or is incapable of acting or is disqualified from acting, a court may determine that a contract with outside counsel is both appropriate and necessary. *See Wiley*, 7 Wash. at 579. Neither of these scenarios is before us.

In *Tukwila v. Todd, supra*, the council retained private legal counsel in seeking an injunction to prevent the Mayor from transferring funds to pay salary increases to city employees. The salaries were not part of the council-approved city budget. The Superior Court granted the Council's request for an injunction and entered a judgment against the municipality for the legal expenses incurred by the council members in bringing the action. The appellate court held there was substantial evidence "that a conflict existed between the legislative and executive branches of government, and that the city attorney represented the mayor whenever there was a difference of opinion." *Tukwila*, at 406-07. The appellate court also held that the council was justified in retaining private counsel, and that the City was liable for the legal fees. *Tukwila*, at 407.

In *Wiley v. Seattle, supra*, the legislative body of the City of Seattle, on the advice of the City's corporate counsel, unanimously passed an ordinance authorizing the issuance of illegal bonds, thereby overcoming the Mayor's prior veto. The council sought a writ of mandamus to compel the Mayor to execute the issuance of the bonds. The Mayor solicited private counsel after being denied legal assistance by the City's corporate counsel and was ultimately successful in establishing the illegality of the bonds. The Supreme Court approved the Mayor's solicitation of outside counsel, saying:

This case demonstrates that there is, as in the nature of things there must be, such a thing as an emergency in the affairs of a municipal corporation, as well as in those of private corporations and individuals, for which neither laws, charters nor ordinances expressly provide. We venture that it was never contemplated by the framers of this charter that any such a condition of affairs as was developed in this case would occur, where both the legislative and the judicial departments of the city would be arrayed against its chief executive to compel him to perform an illegal and unconstitutional act; and if it had been intended by the charter to cover such a case, then the answer to that proposition would be that municipal corporations are not clothed by the constitution or the laws with power, either directly through their charters or ordinances or indirectly through the failure or refusal of their officers to act, to prevent the honest and proper efforts of an executive officer to avoid a plain violation of the general law.

*Wiley*, at 579.

In both of these cases, the underlying substantive issue was resolved in favor of the party soliciting outside counsel before the court approved the expenditure of public funds for outside counsel. That is not our case. Here, the issue of whether the Council's plenary authority over street improvements allowed it to approve projects not in compliance with the town code without obtaining a variance was never resolved. Neither was it ever resolved that such a conflict of interest existed between the town attorney and the Council to make the town attorney unable to represent the Council.

The Council argues that it should not be required to prevail on the issue between it and the Mayor before it can expend public funds for outside counsel. It argues that such a distinction places a publicly elected official in the uncompromising position of having to hire counsel out of his or her own resources, hope for a successful result, and then seek reimbursement. The Council contends that a duly elected public official, performing the duties of one's office, should not be forced to make a decision in the public interest without legal advice or, alternatively, with legal advice but at the risk of losing one's personal assets.

While such policy arguments have appeal, they are better argued to the Legislature for it is the body that has

expressly limited the power of municipal corporations in the hiring of legal services. The narrow exceptions etched out in *Tukwila* and *Wiley* simply do not apply. There has been no decision on the underlying substantive issue as in *Tukwila*, and the Council did not seek a determination that an emergency existed as in *Wiley*. Neither are we persuaded by the reasoning in *Krahmer v. McClafferty*, 282 A.2d 631 (Del. Super. Ct. 1971), as that scenario is also not before us. There the court approved the issuance of public funds for the payment of independent counsel. However, it reached this decision after considering the underlying dispute, namely, that the City's law department should be disqualified because of an obvious conflict of interest.

The narrow issue before us is whether the trial court properly denied the Council's request for a writ of mandamus. Our review in a summary judgment proceeding is to determine if material issues of fact exist which necessitate a fact-finding hearing and if not, our duty is to determine as a matter of law whether the uncontested facts warrant the legal conclusion reached below. *See Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

Our independent review of the record fails to show that the Council sought a judicial determination that an emergency existed such as in *Wiley*, wherein we can imply that the Council had the authority to pass resolution 821. The record also fails to demonstrate that the Council prevailed on the underlying substantive issue, such that we could infer that the Council had the authority to hire outside counsel. Consequently, we find no error below and affirm the decision of the trial court.

Judgment affirmed.

MORGAN, C.J., and SEINFELD, J., concur.