# SOUTH PORTLAND CIVIL SERVICE COMMISSION et al.

## v.

# CITY OF SOUTH PORTLAND et al.

Supreme Judicial Court of Maine.

Argued Sept. 5, 1995.

Decided Nov. 21, 1995.

David A. Lourie, (orally), Cape Elizabeth, for plaintiffs.

Mary Kahl, (orally), South Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

The South Portland Civil Service Commission and its law firm, Desmond & Cooper, P.A., appeal from an adverse judgment entered in the Superior Court (Cumberland County, *Brodrick, J.*) on their motion for a summary judgment on their claim that the Commission was expressly or impliedly authorized to retain legal counsel at the City's expense without the City Council's approval. We affirm the judgment.

The record reveals the following undisputed facts. The South Portland City Council appointed an *ad hoc* Civil Service Review Committee to draft new civil service rules and regulations. After the Committee's proposed rules and regulations were placed on the City Council's agenda for enactment, the Commission claimed that only it had the authority to propose civil service rules and regulations. Because the City's corporation counsel had been a member of the Committee, she considered herself unable to advise either the Council or the Commission regarding the issue. The City Council obtained advice from outside counsel.

Without the City Council's approval, the Commission hired David A. Lourie, Esq., of Desmond & Cooper, P.A., to advise it on the legality of the Council's consideration of the Committee's rules and regulations, and the legality of the proposed rules and regulations. Lourie prepared a written legal opinion that was sent to the City Manager. On receipt, the City Manager immediately notified Lourie and the Commission that the Commission was not authorized to obtain independent counsel without the City Council's authorization and that the City would not pay for the services rendered.

The Commission voted to authorize Lourie to seek a declaratory judgment. In their complaint, the Commission and the law firm sought a judgment declaring that section 19–1(e) of the South Portland Code of Ordinances expressly authorizes the Commission to retain legal counsel at the City's expense without the City Council's approval or alternatively that the Commission had implied authority to retain said outside counsel at the

City's expense. The court granted a summary judgment in favor of the City, notwithstanding the fact that the plaintiffs were the moving party.[1] The plaintiffs appeal from the summary judgment entered against them.

### Express Authority

■ The meaning of terms in an ordinance is a question of law for the court. *Roberts v. Town of Phippsburg,* 642 A.2d. 155, 156 (Me.1994) (quoting *Gerald v. Town of York,* 589 A.2d 1272, 1274 (Me.1991)). Terms in an ordinance are to be "construed reasonably with regard to both the objectives sought to be obtained and the general structure of the ordinance as a whole." *Id.*

Section 19–1(e) states: "[a]ll expenses incident to the operation of the [C]ommission shall be paid by the city." South Portland, Me., Code § 19–1(e) (1972). The Commission and its counsel contend that "expenses" include attorney fees because the Commission is a quasi-judicial agency that regularly needs counsel to assist it in carrying out its functions.

Section 2.5 states: "[w]henever, in the opinion of the city manager and the council, it may become necessary to have the aid of legal counsel in addition to the appointed corporation counsel, such counsel may be engaged at the expense of the city." South Portland, Me., Code § 2.5 (1972).

■ The court followed the principle of statutory construction "that a more specific statute will be given precedence over a more general one, regardless of their temporal sequence." *Busic v. United States,* 446 U.S. 398, 406, 100 S.Ct. 1747, 1753, 64 L.Ed.2d 381 (1980) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 489–90, 93 S.Ct. 1827, 1835–37, 36 L.Ed.2d 439 (1973)); *see Ziegler v. American Maize–Products Co.,* 658 A.2d 219, 222 (Me. 1995) (general provision affects only those

cases within its general language that are not within the provisions of the specific provision, the result is that the specific provision controls).[2]

As the court concluded, section 2–5 specifically addresses the authority to retain outside counsel at the City's expense and thus controls the general provision of section 19–1(e) governing the City's duty to pay all of the Commission's expenses. The plaintiffs contend that section 19–1(e) takes precedence over section 2–5 because section 19–5 provides: "[a]ll ordinances or parts of ordinances inconsistent herewith are hereby repealed and superseded." The override provision set forth in section 19–5, however, does not apply because sections 2.5 and 19–1(e) can be read as consistent. We avoid a construction that leads to inconsistency between two statutes. *Jordan v. Sears, Roebuck & Co.,* 651 A.2d 358, 360 (Me.1994) (citing *Rowe v. Chapman Trucking,* 629 A.2d 1224, 1228 (Me.1993)). We consider "the whole statutory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved." *Davis v. Scott Paper Co.,* 507 A.2d 581, 583 (Me.1986).

■ Reading sections 19–1(e) and 2–5 together we conclude that the term "expenses" in section 19–1(e) does not include unauthorized attorney fees. Because the Commission did not comply with the procedure for hiring outside counsel set forth in section 2–5, the Commission did not have express authority to retain legal counsel at the City's expense. Among competing interpretations of a statute, we adopt the interpretation that avoids a result adverse to the public interest. *Rubin v. Board of Envtl. Protection,* 577 A.2d 1189, 1192 (Me.1990). The plaintiffs' interpretation of the ordinance imposes no fiscal control on the Commission's authority to incur legal fees. The court's

---

1. "Summary judgment, when appropriate, may be rendered against the moving party." M.R.Civ.P. 56(c). A cross-motion is not required in order for a summary judgment to be granted for the party opposing the original motion. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.9 at 42 (2d ed. 1970).

2. Although an ordinance is enacted by a municipal body and a statute is enacted by the legislature, the passage of an ordinance is equivalent to legislative action. 5 Eugene McQuillin, *The Law of Municipal Corporations* § 15.01 (3rd ed. 1989). Therefore, the rules of statutory construction can be employed by us when construing an ordinance.

interpretation of sections 19–1(e) and 2–5 is consistent with the public policy of protecting the public fisc.

### Implied Authority

The plaintiffs contend that the Commission has implied authority to retain outside counsel at the City's expense without the Council's approval because it is an independent agency involved in an intra-municipal dispute involving the public interest and the corporation counsel is disqualified from representing the Commission because of a conflict of interest. The general rule is that where a municipal corporation has legal counsel charged with the duty of conducting all the legal business of the municipal corporation, contracts for additional or extra legal services are unauthorized and void. 10 Eugene McQuillin, *The Law of Municipal Corporations* § 29.12 (3d. ed. 1990).

> There is a well-recognized exception to this principle which recognizes the implied authority of a municipal board or officer to hire counsel in the good-faith prosecution or defense of an action taken in the public interest and in conjunction with its or his official duties where the municipality's attorney refuses to act or is incapable of or is disqualified from acting.

*Coventry Sch. Comm. v. Richtarik*, 411 A.2d 912, 916 (R.I.1980) (citations omitted). Many courts that recognize the implied authority doctrine limit its application to those cases in which the party retaining counsel has prevailed in the litigation on the underlying issue. *See Gesmonde, Pietrosimone, Sgrignari, Pinkus and Sachs v. City of Waterbury*, 231 Conn. 745, 651 A.2d 1273 (1995); *Gwinnett County v. Yates*, 265 Ga. 504, 458 S.E.2d 791 (1995); *Wilson v. Alleghany County*, 175 A.D.2d 645, 572 N.Y.S.2d 575 (1991); *State v. Volkmer*, 73 Wash.App. 89, 867 P.2d 678 (1994); *City of Tukwila v. Todd*, 17 Wash.App. 401, 563 P.2d 223 (1977). *But see Pepe v. City of New Britain*, 203 Conn. 281, 524 A.2d 629 (1987).

The court held that the Commission did not have implied authority because the Commission retained outside counsel for advice, not for the "prosecution or defense of an action taken in the public interest." It found

the litigation over fees to be incidental to the underlying dispute over the relative power of the Commission and the City Council with respect to revisions of the Commission's rules and regulations. We have never been called on to decide whether municipal bodies have the implied right to retain independent counsel in an intra-municipal dispute. Because in the present case the original issue in dispute regarding whether the Commission has the sole power to propose civil service rules and regulations has never been resolved authoritatively, we need not decide whether in an appropriate case we would adopt the implied authority doctrine.

The entry is:

Judgment affirmed.

All concurring.