Honorable Mary Margaret Haugen State Senator, District 10 435 John A. Cherberg Building PO Box 40482 Olympia, Washington 98504-0482
Dear Senator Haugen:
By letter previously acknowledged, you requested our opinion on three questions we paraphrase as follows:
 1. Under RCW 35A.12.020, in a mayor-council code city does the city council have sole authority to select a private law firm to provide legal services to the city by contract?
 2. If the city council has the sole authority to enter a contract with a law firm, may the contract for professional services state that the city's attorney will serve at the pleasure of the city council, rather than the mayor?
 3. If the city council has the sole authority to enter a contract with a law firm, may the contract for professional services state that the city's attorney will provide legal services under the direction of the city council, rather than the mayor?
BRIEF ANSWER
The city council's authority to enter a contract for legal services depends on whether the city charter or city ordinances provide for an appointed officer position for the city's attorney or provide that a contract will be entered. If the city charter or city ordinances provide that legal services shall be obtained by the council through a contract, the charter or ordinances may also state whether the contract can be terminated by the council or the mayor. In the absence of any provision in the charter or ordinances relating to termination of the contract, the city council has broad authority to "contract and be contracted with" in a manner consistent with the state constitution and the general law. Finally, legal services provided pursuant to the contract would be performed at the direction of both the mayor and the council. The city council lacks authority to require that legal services will be provided only at its direction.
 ANALYSIS
Question 1: Under RCW 35A.12.020, in a mayor-council code city does the city council have sole authority to select a private law firm to provide legal services to the city by contract?
Under the mayor-council code city form of government, the Legislature has directed that "appointive officers shall be those provided for by charter or ordinance". RCW 35A.12.020. In the same statute, the Legislature has further directed that "[p]rovision shall be made" for the manner in which legal services are obtained. Since the words "provided" and "provision" are used in different parts of the same statute, "it is presumed that the words are intended to have the same meaning". Medcalf v.Department of Licensing, 1997 WL 603446, at *6 (Wash. S. Ct. Oct. 2, 1997). Therefore, a city could provide by charter, ordinance or otherwise, how the city will obtain legal counsel. RCW 35A.12.020
states:
 The appointive officers shall be those provided for by charter or ordinance and shall include a city clerk and a chief law enforcement officer. The office of city clerk may be merged with that of a city treasurer, if any, with an appropriate title designated therefor. Provision shall be made for obtaining legal counsel for the city, either by appointment of a city attorney on a full-time or part-time basis, or by any reasonable contractual arrangement for such professional services. The authority, duties and qualifications of all appointive officers shall be prescribed by charter or ordinance, consistent with the provisions of this title, and any amendments thereto, and the compensation of appointive officers shall be prescribed by ordinance: PROVIDED, That the compensation of an appointed municipal judge shall be within applicable statutory limits.
RCW 35A.12.020.
The statute should be read as a whole, considering all provisions in relation to one another. Wright v. Engum, 124 Wn.2d 343, 352,878 P.2d 1198 (1994). We believe that when considered as a whole, this statute contemplates that the city charter or a city ordinance will direct the manner in which legal counsel for the city is to be obtained. Thus, whether the council or the mayor has the authority to select counsel depends in part, on the terms of the relevant ordinance or charter provision. In addition, of course, the manner in which legal counsel is obtained also must be consistent with other direction provided by state law, since "[a] local government may not alter or restrict a legislative grant of power to that local government or its officers". King County v.Taxpayers of King County, 132 Wn.2d 360, 384, 938 P.2d 309 (1997).
Under RCW 35A.12.090, if the city charter or a city ordinance provides for the appointment of a city attorney, then the mayor has authority to choose the city attorney. This statute states that "[t]he mayor shall have the power of appointment and removal of all appointive officers". See also RCW 35A.12.020. Similarly, by statute, confirmation of an appointment by the city council would be required only if the city charter, or a city ordinance, provides for confirmation of appointments. RCW 35A.12.090. The council may require confirmation "in any instance where qualifications for the office or position have not been established by ordinance or charter provision". Id.
Rather than providing for an appointed position, the city charter or city ordinance may provide that the city shall obtain legal counsel by contract. RCW 35A.12.020. The charter or ordinance may prescribe any "reasonable contractual arrangement" for legal services. RCW 35A.12.020. In our view, a charter or ordinance providing that the council shall contract on behalf of the city for these services would be consistent with RCW 35A.12.020 and other statutes recognizing the general authority of the council of an optional code city to contract on behalf of the city. See RCW35A.11.010.
Question 2: If the city council has the sole authority to enter a contract with a law firm, may the contract for professional services state that the city's attorney will serve at the pleasure of the city council, rather than the mayor?
If the city charter or city ordinances provide that legal services shall be obtained by the council through a contract, the charter or ordinances may also state whether the contract can be terminated by the council or the mayor. In the absence of any provision in the charter or ordinances relating to termination of the contract, the city council has broad authority to "contract and be contracted with" in a manner consistent with the state constitution and the general law. RCW 35A.11.010; RCW 35A.11.020. The general authority to contract on behalf of the city includes the authority to negotiate the terms of the contract. Unless restrictive language is contained in the city charter or ordinances, nothing in the state constitution or the general law limits the council's ability to specify the duration of the contract or its ability to state that the council retains the right to terminate the contract.
Question 3: If the city council has the sole authority to enter a contract with a law firm, may the contract for professional services state that the legal firm or attorney will provide legal services solely under the direction of the city council, rather than the mayor?
As previously noted, the city charter or city ordinances may dictate the general terms for a contract for legal services and in the absence of such direction, the council would have authority to negotiate the terms of the contract.
However, this authority must be exercised in a manner consistent with the requirements of state law. King County v. Taxpayers ofKing County, 132 Wn.2d at 384-387. State law authorizes the obtaining of legal services "for the city". RCW 35A.12.020. Neither the council alone nor the mayor alone constitutes "the city". Rather, RCW 35A.12.010 vests the government of a charter code city, adopting the mayor-council plan of government, in "an elected mayor and an elected council". In this respect and in others, chapter 35A.12 RCW contemplates that the mayor and the city council will act together on behalf of the city. For example, RCW 35A.12.100 states that:
 [The mayor] shall see that all laws and ordinances are faithfully enforced and that law and order is maintained in the city and shall have general supervision of the administration of city government and all city interests . . . He shall see that all contracts and agreements made with the city or for its use and benefit are faithfully kept and performed, and to this end he may cause any legal proceedings to be instituted and prosecuted in the name of the city, subject to approval by majority vote of all members of the council.
RCW 35A.12.100.
In addition, the mayor is the chief executive and administrative officer of the city. RCW 35A.12.100. That the mayor will require legal services from time to time in fulfilling official duties cannot seriously be questioned. Nothing in chapter 35A.12 RCW authorizes the city council to exercise general supervision over the mayor's performance of these duties. To the contrary, as previously noted, the mayor is an independently elected officer of the city. RCW 35A.12.010.
For these reasons we conclude the city council generally lacks authority to contract for the provision of legal services solely under the direction of the city council. In our view, this conclusion is also consistent with case law recognizing that only under very limited circumstances may the councils of other types of municipalities retain legal services at the expense of the municipality, for purposes of representing the council. See Stateex rel. Steilacoom Town Council v. Volkmer, 73 Wn. App. 89,867 P.2d 678 (1994); Tukwila v. Todd, 17 Wn. App. 401, 563 P.2d 223
(1977).
We trust this opinion will be of assistance to you.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
ANNE E. EGELER Assistant Attorney General