STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP 02-047

GAB - 45f. 1/13/2004

ROGER HARE,

Plaintiff

v.

ORDER

JAN 30 2004

TOWN OF BUXTON,

Defendant

Before this court is Plaintiff, Roger Hare's Application for Award of Attorney Fees and Motion to Amend his Complaint. Both are Denied.

## FACTS

Plaintiff, Roger Hare is the Chairman of the Personnel Review Committee for Defendant, Town of Buxton. Mr. Hare and the other members of the Personnel Review Committee disagreed with the interpretation which the Board of Selectmen and Defendant Town's Attorney had given to Article Five.[1] In addition, Plaintiff believed that the Board of Selectmen had failed to follow the mandatory procedures for placing that Article on the ballot on June 12, 2002. Accordingly, Plaintiff filed a suit in the York County Superior Court.

On August 8, 2003, this court issued an order invalidating the June 11, 2002, town meeting vote approving Article Five. The Defendant did not appeal from that order. Subsequent to this, on October 7, 2003, Plaintiff directly requested that the Defendant reimburse him for his legal fees and costs for bringing this action, but Defendant

---

[1]    For the details of this disagreement see the earlier "Order" dated August 8, 2003.

refused his request. As of September 2003, Plaintiff's fees and costs expended upon this matter totaled $11,024.31. Consequently, the Plaintiff has filed this request for attorney fees.

## DISCUSSION

The Plaintiff argues that there is either express authority within the Town's ordinances for the committee to hire outside counsel or, in the unique circumstances of this case, there is implied authority. However, because Mr. Hare did not include a claim for attorney fees in the complaint and the Motion to Amend is untimely, it is unnecessary to reach the issue of authority.

"An award of attorney fees must be based on: (1) a contractual agreement between the parties; (2) a specific statutory authorization; or (3) the court's inherent authority to sanction serious misconduct in a judicial proceeding." *Truman v. Brown*, 2001 Me. 18, 788 A.2d 168. Here, there is no contractual or statutory basis for an award of attorney fees and the Town has not engaged in misconduct in the judicial proceeding. Rather, Mr. Hare claims that, the Town's ordinances provide either express or implied authority to retain outside counsel.

A request for attorney fees must be plead and proven. *Truman, supra.* This is particularly important when the claim is not based on a clear contractual or statutory entitlement. The issue of whether a town's ordinances provide express authority for a town board or committee to retain outside counsel usually involves intricate questions of statutory construction, and the issue of whether implicit authority exists remains unsettled under Maine law. See, *South Portland Civil Service Commission, et al. v. City of South Portland, et al.,* 667 A.2d 599 (Me. 1995). Here, the complaint did not contain such a request and the demand for attorney fees was not presented to the court until October 7, 2003, nearly 60 days after judgment. When the basis for such a claim is unclear and

2

may require both factual development and fairly sophisticated legal analysis, fairness dictates that a defendant have formal notice of such a substantial claim before judgment.

The entry will be as follows:

Plaintiff's Motion to Amend is Denied.

Plaintiff's Application for Attorney Fees is Denied.

Dated: January 13 2004

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:
John B. Shumadine, Esq.
John C. Bannon, Esq.
MURRAY PLUMB & MURRAY
PO BOX 9785
PORTLAND ME  04104-5085


DEFENDANT:
William L. Plouffe, Esq.
Gregg R. Frame, Esq.
DRUMMOND WOODSUM & MACMAHON
PO BOX 9781
PORTLAND ME  04104-5081