STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-265

ANTHONY SINENI, III,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　ORDER ON PLAINTIFF'S
　　　　　　　　　　　　　　　　)　　MOTION FOR SUMMARY
JONATHAN BURNHAM and　　　　)　　JUDGMENT
JONATHAN BURNHAM d/b/a　　　)
MAINE PAWN & JEWELRY　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　)

STATE OF MAINE
Cumberland ss Clerk's Office

APR 07 2017

RECEIVED

Before the Court is Plaintiff's Motion for Summary Judgment.

I.　　Background

On October 30, 2014, Wilhemina E. Ogden sold a 10-piece set of Towle 1959 sterling silverware to Maine Pawn & Jewelry. Supp. S.M.F. ¶ 1. Plaintiff, Anthony J. Sineni, III, alleges that Defendants Jonathan Burnham and Jonathan Burnham d/b/a Maine Pawn & Jewelry purchased the set for $400. Supp. S.M.F. ¶ 1. Plaintiff claims the set had an actual value of over $9,000. Supp. S.M.F. ¶ 1. Plaintiff attests that he owned the silver and had not given Ogden permission to sell it. Supp. S.M.F. ¶ 2. Defendants contend that Ogden signed a bill of sale promising to warrant and defend her ownership of the silverware. D. Opp. to Summ. J. p. 2. Plaintiff claims that Ogden told him that she returned to Maine Pawn & Jewelry on November 3, 2014 to retrieve the silverware and was told by Defendant Burnham that it had been sold for scrap silver and smelted. Supp. S.M.F. ¶ 3. Defendant contends that Ogden did not return to retrieve the silver after the sale on October 30, 2014. D. Opp. to Summ. J. p. 2. The parties agree that

1

**Plaintiff–Anthony Sineni, Esq.**
**Defendant Dawn Dyer, Esq.**

Defendant Burnham did not take any digital photographs of the silverware prior to selling it. Supp. S.M.F. ¶ 10; Opp. S.M.F. ¶ 10.

On January 21, 2015, Sineni filed a police report, alleging that his silverware had been stolen by Wilhemina Ogden or Ray Baldwin and pawned at "the shop on route 302 in downtown North Windham." D. Opp. to Summ. J. p. 2. On January 29, 2015, Cumberland County Sheriff's Detective John Fournier went to Maine Pawn & Jewelry and reviewed pawn slips for the months of September through December 2014 as they pertained to the silverware. Supp. S.M.F. ¶ 6.

Plaintiff has brought this action against Defendants Burnham and Maine Pawn & Jewelry alleging violation of 30-A M.R.S. § 3972(8) and negligence. Defendants have brought the counterclaim of abuse of process. Plaintiff moves the Court for entry of summary judgment in his favor and dismissal of Defendant's counterclaim for abuse of process.

II.    Discussion

A. Summary Judgment

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the fact finder must choose between competing versions of the truth." *Id.* (citations omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

1. 30-A M.R.S. § 3972(8)

2

Plaintiff's first count is for violation of the law governing the records required of dealers in secondhand precious metals. The statute states:

> A dealer shall maintain the following records with respect to each transaction conducted by the dealer involving secondhand precious metals:
> A. The date, time and place of the transaction;
> B. The name and address of the seller or other person from whom the dealer acquired the precious metals;
> C. A digital photograph of each item of precious metals that is the subject of the transaction, as well as a complete description of the item purchased or acquired from the seller, including the weight of the item and any identification numbers, names, initials, serial numbers or identifying marks on the item;
> D. The consideration paid pursuant to the transaction; and
> E. A signed statement of ownership from the seller of the secondhand precious metals stating that the seller is the owner or is otherwise authorized to sell the precious metals made on a form provided by the dealer that conspicuously bears the warning that making a false statement is a Class D crime under Title 17-A, section 453.
> Before recording the information required by this subsection, a dealer shall require reasonable proof of the seller's identity in the form of a government-issued identification card such as a motor vehicle operator's license or military identification card.

30-A M.R.S. § 3972. Plaintiff claims that Defendant Burnham violated this statute by failing to photograph the silverware and failing to record a complete description of the silverware, as is required pursuant to subsection C.

Defendants admit that no digital photograph of the silverware was taken. However, Defendants argue that this statute must be enforced by the state, not by Plaintiff Sineni. Section 3972 provides that violation of the record keeping requirements constitutes a Class E crime and allows for restitution in criminal proceedings. Section 3972 does not create a private right to sue. The Law Court has previously found that "when the Legislature deemed it essential that a private party have a right of action, it has expressly created one." *Larrabee v. Penobscot Frozen Foods, Inc.*, 486 A.2d 97, 101 (Me. 1984). Because there is no

3

indication that the Legislature intended to create a private right of action to enforce the record keeping requirements for dealers in secondhand precious metals, the Court finds that there is no private right of action to enforce Section 3972. Therefore, the Court finds that there is no question of material fact and Defendants are entitled to judgment as a matter of law on the claim for violation of Section 3972.[1]

## 2. Negligence

The second count of Plaintiff's complaint is for negligence. In order to prevail in an action for negligence, the complaining party must prove that the opposing party breached a duty, thereby causing damage to the complaining party. *Davis v. R C & Sons Paving, Inc.*, 2011 ME 88, ¶ 10, 26 A.3d 787. Plaintiff alleges that Defendant owed Plaintiff a duty to follow the record keeping requirements of Section 3972 because Plaintiff is the owner of the silverware.

While violation of a statute may be evidence of negligence, it does not by itself constitute negligence per se. *Castine Energy Constr., Inc. v. T.T. Dunphy, Inc.*, 2004 ME 129, ¶ 10, 861 A.2d 671. Plaintiff must still show that Defendant owed Plaintiff a duty. "Fundamentally, whether one party owes a duty of care to another is a question of law." *Trusiani v. Cumberland & York Distributors, Inc.*, 538 A.2d 258, 261, 1988 Me. LEXIS 51, *6 (Me. 1988). "Where a court imposes a duty in a negligence case, 'the duty is always the same -- to conform to the legal

---

[1] "'Summary judgment, when appropriate, may be rendered against the moving party.' M.R Civ. P. 56(c). A cross-motion is not required in order for a summary judgment to be granted for the party opposing the original motion." *South Portland Civil Serv. Comm'n v. City of S. Portland*, 667 A.2d 599, 601 fn 1. (Me. 1995).

4

standard of reasonable conduct in the light of the apparent risk.'" *Id.* at \*6-7, citing W. P. Keeton, *Prosser and Keeton on Torts* § 53 at 359 (5th ed. 1984).

In this case, Plaintiff alleges that Defendants owed Plaintiff a duty, "as the true owner" of the silverware, to follow the state law of record keeping requirements for dealers in secondhand precious metals by taking a digital photo of the silverware. Compl. ¶ 24. Plaintiff further alleges that Defendant owed Plaintiff a duty to follow the state law requiring second hand dealers to maintain possession of the property for fifteen days after acquiring it. Compl. ¶ 26.[2] Considering the bill of sale signed by Ogden, it was not reasonably foreseeable that Defendants' failure to take a digital photograph or retain the silverware for fifteen days would injure Plaintiff, who was not a party to the sale. Under the circumstances presented, a deviation from the statute does not create a duty owed to Plaintiff, a third party to the transaction, by Defendants, the dealers. The Court finds that Defendants did not owe a duty to Plaintiff. Therefore, the Court finds that Defendants are entitled to judgment as a matter of law as to Plaintiff's claim of negligence.

B. Dismissal

Plaintiff also moves the Court to dismiss Defendants counterclaim for abuse of process. On review of a motion to dismiss for failure to state a claim, the court accepts the facts alleged in the complaint as admitted. *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830. The court "examine[s] the complaint in the light most favorable to [the nonmoving party] to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the [the nonmoving party] to

---

[2] The parties disagree as to whether Defendants maintained the silverware for a minimum of fifteen days prior to sale.

relief pursuant to some legal theory." *Doe v. Graham*, 2009 ME 88, ¶ 2, 977 A.2d 391 (quoting *Saunders*, 2006 ME 94, ¶ 8, 902 A.2d 830). "For a court to properly dismiss a claim for failure to state a cause of action, it must appear 'beyond doubt that [the nonmoving party] is entitled to no relief under any set of facts that might be proven in support of the claim.'" *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310 (quoting *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995)).

In order to sustain a claim for abuse of process, the pleading party must allege facts sufficient to show that the legal process was used improperly and that the improper conduct was motivated by an ulterior motive. *Advanced Constr. Corp. v. Pilecki*, 2006 ME 84, ¶ 23, 901 A.2d 189. Defendants allege in the Counterclaim complaint that Plaintiff improperly served upon Defendant Burnham a subpoena seeking discovery for this action under the docket numbers of prior unrelated actions. The Court finds that Defendants have pled facts sufficient to maintain an action for abuse of process. The Court denies Plaintiff's motion to dismiss Defendants' counterclaims.

III.     Conclusion

      A. The Court denies Plaintiff's Motion for Summary Judgment.

      B. The Court grants summary judgment in favor of Defendants on Plaintiff's counts of violation of 30-A M.R.S. § 3972 and negligence.

      C. The Court denies Plaintiff's motion to dismiss Defendants' counterclaim.

Dated: April 7, 2017

_____
Lance Walker
Justice, Superior Court

6